Hillsborough,
April 7, 1936.

PETER MULLEN *v.* MERCHANTS NATIONAL BANK, *Trustee.*

*Chretien & Craig* and *O'Connor & Saidel* (*Mr. Saidel* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for the defendant.

MARBLE, J.   No question is raised as to the scope of the plaintiff's general exception to the court's order, and it is understood that the entire question of construction is here for consideration.  The interpretation of the instruments in controversy necessitates the ascertainment of the plaintiff's intention, and that intention is to be gathered from the two documents construed together in the light of the conduct and language of the parties to the instruments and the surrounding circumstances.   *Stacy* v. *Company*, 83 N. H. 281, 286; *General Motors* v. *Berry*, 86 N. H. 280, 284, and cases cited.

It is true, as the plaintiff suggests, "that the release of a statutory liability to make partial compensation for an injury does not operate as a full discharge of others who may be liable for the same wrong." *Stacy* v. *Company*, 83 N. H. 281, 285.   But this rule is of course in-

applicable once the subject-matter of the settlement is found to include the claim against the other wrongdoers. And there is here abundant evidence to sustain a finding that the damage settled for when the release was given to Jones was the same for which recovery is now sought. See *Colby* v. *Walker*, 86 N. H. 568, 572. The trial court has so found in effect.

The adjuster who made the settlement testified that when, as in the present case, a claimant is in a hurry to receive payment, it is the practice of the insurance company to require a release covering "the public as a whole." He explained the reason for this practice as follows: "We require the general release in order to prevent plaintiff or his representatives from bringing a common law action later on against some other person who might be insured with us, and whose name we are not sure of at the time settlement is made." The court has found that this practice was followed in the present case.

When the documents were submitted to the plaintiff for his signature, his counsel, with the permission of the adjuster, added to the certificate attached to the receipt for payment under the workmen's compensation act the words "against Wm. Jones," so that the certificate reads, "I . . . hereby certify that I have this day interpreted this document to Peter Mullen and he understands it, and have explained to him that the signing of this release will effectually bar—— from making any further claim against Wm. Jones by reason of accident which happened on or about the 26 day of May, 1931."

The adjuster testified, without objection, that he refused plaintiff's counsel permission to add the same words to the certificate attached to the release, and counsel there certifies that the plaintiff stated to him that he understood that the document "fully released and discharged all claims of every kind." The presiding justice has indicated that this certificate is decisive in his mind to the effect that the plaintiff must have known that such a release discharged all claims against any persons who could possibly have been obligated to him by reason of the accident. Such a finding is amply justified by the evidence.

*Exception overruled.*

All concurred.