## BROWN v. KEMP, ADMINISTRATRIX.

[No. 10,012. Filed November 4, 1919.]

1. PARTIES.—*Defect.—Remedy.—Waiver.—Action on Bond of Liquor Dealer.—Motion for New Trial.*—That an administratrix is not a proper party plaintiff in an action on a liquor dealer's bond, is ground for demurrer to the complaint, and if not so presented is waived and cannot be raised by motion for new trial. p. 283.

2. INTOXICATING LIQUORS.—*Retail Liquor Dealer's Bond.—Actions.—Torts.*—An action on the bond of a liquor dealer required by §8323g Burns 1914, §4, Acts 1911 p. 244, sounds in tort and is subject to the rule that there can be but one satisfaction for the damages, if any, sustained. p. 285.

3. RELEASE.—*Intoxicating Liquors.—Unlawful Sales.—Actions on Bond of Liquor Dealer.—Satisfaction by Joint Tort-feasor.*— After an administratrix, by authority of the probate court, has accepted satisfaction from and executed a release from liability to a railroad company for the killing of her decedent, she cannot proceed against a retail liquor dealer for unlawful sales causing intoxication resulting in such killing by a train, under the bond required by §8323g Burns 1914, §4, Acts 1911 p. 244. p. 289.

From Marion Superior Court (105,523); *Theophilus J. Moll*, Judge.

Action by Irene Kemp, Administratrix of the estate of Nathaniel Kemp, against Harry W. Brown and another. From a judgment for plaintiff against the named defendant, said defendant appeals. *Reversed.*

*Russell Willson* and *Romney Willson*, for appellant.

*John Browder* and *Joseph K. Brown*, for appellee.

McMahan, J.—The appellee, as administratrix of the estate of Nathaniel Kemp, commenced this action against appellant and the National Surety Company.

The complaint alleges that the appellant was a retailer of intoxicating liquors, and as such executed a bond as required by law (§8323g Burns 1914, Acts 1911 p. 244, §4) with said surety company as surety, a copy of said bond being filed with and made a part of the complaint; that appellant unlawfully sold intoxicating liquor to said decedent until he became intoxicated; that while he was in an intoxicated condition, and as a result of such unlawful sales, said decedent was run over and killed by a train of cars on the Lake Erie and Western Railroad; that the decedent left surviving him Irene Kemp, his wife, and a daughter, Lilly May Kemp, who were dependent upon him for support, and asking damages in behalf of the widow and child for their loss of support and maintenance. An answer was filed in two paragraphs, the first being a general denial. The second paragraph of answer alleged that the appellee as such administratrix commenced an action in the Marion Superior Court against the Lake Erie and

Western Railroad to recover damages from it on account of the alleged negligence of the railroad in running one of its trains of cars over said decedent and killing him; that appellee settled with the railroad company and was paid $250 in full of all damages; that, in consideration of said payment, she executed and delivered to said railroad company a written release whereby she released and discharged the said railroad company from all claims and damages against it arising out of, and on account of, the death of said Nathaniel Kemp. A reply of general denial was filed and the cause was submitted to the court for trial. There was a finding against the appellant and said surety company in the sum of $250. The appellant and the surety company each filed a motion for a new trial upon the grounds that the finding was not sustained by sufficient evidence, and was contrary to law. This motion was sustained as to the surety company and overruled as to the appellant, after which the cause was dismissed as to the surety company and judgment rendered against the appellant.

The only error assigned is that the court erred in overruling appellant's motion for a new trial. The first contention of appellant is that an action

1. on a retail liquor dealer's bond for loss of support through death cannot be prosecuted by the administratrix; that this action should have been prosecuted by the state, on relation of the widow and child. The appellant relies upon *Couchman* v. *Prather* (1904), 162 Ind. 250, 70 N. E. 240, to support this contention. This case holds as appellant contends, but it is not controlling in this appeal. The right of an administrator to maintain this kind of an action was there raised by a demurrer for want of

facts. In the instant case the sufficiency of the complaint was not tested by demurrer. If appellant desired to raise the question as to the right of appellee, as administratrix, to prosecute this action, he should have presented that question by a demurrer for want of facts. The right of appellee to prosecute this action, not having been presented by demurrer, was waived, and cannot be raised by a motion for a new trial. · §344 Burns 1914, Acts 1911 p. 415; *Gillispie* v. *Darroch* (1915), 57 Ind. App. 482, 107 N. E. 475; *American Maize Products Co.* v. *Widiger* (1917), 186 Ind. 227, 114 N. E. 457; *LaPlante* v. *State, ex rel.* (1899), 152 Ind. 80, 52 N. E. 452; *American Trust, etc., Bank* v. *McGettigan* (1899), 152 Ind. 582, 52 N. E. 793, 71 Am. St. 345; *Bowser, Admr.,* v. *Mattler* (1894), 137 Ind. 649, 35 N. E. 701, 36 N. E. 714; *Frazer* v. *State* (1886), 106 Ind. 471, 7 N. E. 203; *White* v. *Suggs* (1914), 56 Ind. App. 572, 104 N. E. 55; *Standard Forgings Co.* v. *Holmstrom* (1915), 58 Ind. App. 306, 104 N. E. 872. Nothing is better settled than that, when the legislature specifically prescribes an adequate legal remedy, that alone is open to the litigant. *Southern Ind. R. Co.* v. *Railroad Comm., etc.* (1909), 172 Ind. 113, 87 N. E. 966; *Couchman* v. *Prather, supra.*

The evidence without any conflict shows that appellee commenced an action against the Lake. Erie and Western Railroad Company to recover damages from it on account of its alleged negligence in running over and killing her decedent. Before the trial in the instant case, the appellee filed a petition in the probate court appointing her for leave to settle with the railroad company. Leave was granted, and the railroad company paid her $250 in full of all claims against

it on account of the alleged negligent killing. Appel-
lee thereupon signed, acknowledged and delivered to
the railroad company a written release reading as
follows:

"For the sole consideration of Two Hundred
Fifty and no/100 Dollars, received to my full
satisfaction of *The Lake Erie and Western Rail-
road Company* I hereby release and discharge the
said Company from all liability for damages of
every kind, nature or description, arising from
injuries suffered or death sustained by *Nathaniel
Kemp* deceased at or near Indianapolis, Indiana,
on or about the seventh day of February, 1915;
said settlement being authorized by order of the
*Probate* Court of *Marion* County, in the State of
Indiana; and I hereby agree that this release
shall be a complete bar in any action which might
be brought otherwise at common law or under
any State or Federal statute for the benefit of
any person or estate whatsoever, for the recov-
ery of damages on account of said injuries or
death."

The appellant insists that the appellee, having re-
ceived payment in full from the railroad company for
the death of Nathaniel Kemp, and having exe-
2.   cuted a release to it, is not entitled to proceed
against the appellant; that the injury was
single; and that there could be but one satisfaction.

The basis of an action on a liquor bond sounds in
tort, and the tort-feasor rule applies in such actions.
*American Surety Co.* v. *State, ex rel.* (1912), 50 Ind.
App. 475, 98 N. E. 829. "The weight of authority
will," says Cooley, "support the more general prop-

osition, that, where the negligences of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design or concert action." 1 Cooley, Torts (3d ed.) 247.

This court, in *City of Valparaiso* v. *Moffitt* (1895), 12 Ind. App. 250, 39 N. E. 909, 54 Am. St. 522, said: "Primarily every person is liable for all the injury caused by him. If he acts separately he is separately liable for all the injury. If he acts jointly with others he is both jointly and severally liable for all the injury. These are the general rules, and to which there are exceptions. The rule is also well settled that an injured party can have but one satisfaction for the same injury. * * * He may have several judgments against different persons and in different amounts, but the payment of one operates as a satisfaction of all." See, also, *Westfield Gas, etc., Co.* v. *Abernathy* (1893), 8 Ind. App. 73, 35 N .E. 399; *American Express Co.* v. *Patterson* (1881), 73 Ind. 430.

In *South Bend Mfg. Co.* v. *Liphart* (1894), 12 Ind. App. 185, 39 N. E. 908, the court said: "It would be impossible to apportion the damages between the two acts of negligence or determine the amount produced by each. The case is analogous to that of an injury produced by the collision of two railroad trains under different ownership and management, caused by the concurring negligence of both companies. Each company is jointly and severally liable for the whole injury."

In *Smith* v. *Graves* (1915), 59 Ind. App. 55, 108 N. E. 168, the court said: "The action is in *tort* and appellee can have but one satisfaction for the dam-

ages, if any, sustained by him. The liability of the appellants as *tort feasors* is several and the suit may be maintained against all, or one, or any number of them. There is no right of contribution that can be enforced as between such defendants or persons liable for the same *tort*. A satisfaction of such claim for damages obtained from one or any number of such defendants or persons so liable for the same *tort* ends all liability therefor as against any and all persons against whom liability might have been enforced before such satisfaction was obtained.''

The Supreme Court, in *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 87 N. E. 723, said: ''Courts will not undertake to apportion the damage in such cases among the wrongdoers, and the injured party has the right to elect whether he will sue one or all.''

In *Cleveland, etc., R. Co.* v. *Hilligoss* (1908), 171 Ind. 417, 86 N. E. 485, the court said: ''It is an ancient and well-established rule, almost without exception in England and America, that for a single injury there can be but one recompense. When more persons than one unite in the commission of a wrong, each is responsible for the acts of all, and for the whole damage; also, where separate and independent acts of negligence * * * concur in causing a single injury, each is fully responsible for the trespass. Courts will not undertake to apportion the damage in such cases among the joint wrongdoers. The injured party has, at his selection, his remedy against all, or any number. * * * He may elect to look to one only, and, if he accepts from that one a benefit, or property, in satisfaction and release, he can go no further. He cannot have a second satisfaction. Hav-

ing had a reparation from one who was responsible for all the damage, and released him, all others who were jointly, or jointly and severally, liable are also released.. One satisfaction is a bar to further proceedings on the same cause of action. * * * One who compromises a claim does not necessarily admit that the claim was well founded, but the one who receives the consideration is precluded from denying that it was. So it may be said that when a pretended claim for a tort has been settled by treaty, and satisfaction rendered the claimant by one so connected with the trespass as to be reasonably subject to an action and possible liability, as a joint tort feasor, the satisfaction rendered will release all who may be liable, whether the one released was liable or not. In such a case it is not necessary that it should appear that the party making the settlement was in fact liable. It will be deemed sufficient if there is an appearance of liability.''

The Supreme Court of New Jersey in *Matthews* v. *Delaware, etc., R. Co.* (1893), 56 N. J. Law 34, 27 Atl. 919, 22 L. R. A. 261, said: ''When each of two or more persons owes to another a separate duty which each wrongfully neglects to perform, then, although the duties were diverse and disconnected and the negligence of each was without concert, if such several neglects concurred and united together in causing injury, the tort is equally joint and the tort feasors are subject to a like liability.''

In *Corey* v. *Havener* (1902), 182 Mass. 250, 65 N. E. 69, the defendants, each mounted on a motor tricycle with a gasoline engine making a loud noise, came up behind the driver of a wagon and passed him at a high rate of speed, one on each side, causing his horse

to shy and resulting in injury to such driver. A separate action was brought against each defendant. The court held that, both of the defendants having been found to be wrongdoers, it made no difference that there was no concert of action between them, nor was it possible to determine what part of the injury was caused by each. If each contributed to the injury, both were bound. The court says, if both defendants contributed to the accident, the jury could not single out one as the person to blame. There being two actions, the plaintiff was entitled to judgment against each for the whole amount. There is no injustice in this for a single satisfaction on one judgment is all the plaintiff is entitled to.

The rule is stated in 38 Cyc 488 as follows: "Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it."

The appellee having accepted satisfaction from the railroad company, and having released and discharged it from all further liability, cannot

3.   now prosecute this action against appellant.

Judgment is reversed, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.