RICHESON *v.* HOGMIRE, ADMINISTRATRIX.

[No. 15,209.   Filed February 19, 1936.]

*Hays & Hays* and *Marshall, Hillis & Coffel,* for appellant.

*Herman N. Hipskind* and *J. F. Charles,* for appellee.

WIECKING, J.—This action below was by a complaint in one paragraph for damages growing out of an automobile collision in which the appellee's decedent received injuries which caused his death. Defendants below were the appellant and Harley E. Cook and Russel M. Cook. Appellant and the co-defendants Cook each

filed answers in general denial. Trial was had before a jury resulting in a verdict against all the defendants in the sum of $2,000.00. The co-defendants of appellant, Cook and Cook, then moved the court for judgment on the answers to interrogatories propounded to the jury, which motion was sustained by the court and judgment rendered in their favor. The court then rendered judgment on the verdict against the appellant. Appellant seasonably filed his motion for new trial which was overruled by the court and now prosecutes this appeal. The errors assigned here are (1) the action of the court in overruling appellant's motion to separate causes of action, and (2) overruling appellant's motion for new trial.

Appellant's contention on his first assignment of error is predicated solely on the theory that the complaint pleads a joint tort of all the defendants. We do not agree with this contention. In our opinion the complaint alleges concurrent acts of negligence on the part of appellant and the defendants Cook and Cook and that such concurrent acts of negligence were the proximate cause of the injury and death of the appellee's decedent.

The pertinent part of the complaint is as follows:

"Plaintiff further avers that as said defendants' automobiles, going in opposite directions, as aforesaid, were about to pass each other each of said defendants carelessly and negligently drove and operated their said automobiles to the left of the center of said highway and across the center line of said highway and carelessly and negligently failed to give one-half of the travelled portion of said highway to the other, so as to pass without interference, but that each of said defendants carelessly and negligently drove and operated their said automobiles against each other with great force, whereby the said automobile of the defendant, Harley E. Cook, became uncontrollable and darted in a northwesterly direction along and across the west side of

said highway and collided with great force against the said automobile of Arthur M. Follis, in which this plaintiff's decedent was riding, as aforesaid, and that by reason thereof the said Preston A. Hogmire's skull was crushed and his body was internally injured, from which injuries he died on the 10th day of June, 1930. That said decedent's death was caused solely by reason of the negligence of said defendants, as aforesaid, and without any fault or negligence on the part of said Preston A. Hogmire."

As we read the complaint it does not attempt to allege the performance of a joint negligent act requiring concurrence of the minds of the parties, but the performance of two independent acts of negligence concurrently.

In this case the complaint alleges only one accident but that the negligence of both sets of defendants contributed to it and the injury. The complaint was proper. *South Bend Mfg. Co.* v. *Liphart* (1895), 12 Ind. App. 185, 39 N. E. 908; *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 82 N. E. 1030; *Wabash R. Co.* v. *McNown* (1912), 53 Ind. App. 116, 99 N. E. 126, 100 N. E. 383.

We find no error in the action of the court in overruling appellant's motion to separate causes of action.

Upon the other specification of error, overruling appellant's motion for new trial, the appellant discusses only one question, that is, the error of the court in giving two instructions, those numbered six and eight tendered by the appellee and given by the court. Since no propositions are stated or points or authorities cited to the other reasons for new trial, they will be deemed to be waived under Clause 5 of Rule 21 of this court.

The two instructions complained of present but one question to this court. The appellant claims that they are in direct conflict with other instructions given by the court and as such their giving constituted error in the trial court. The instructions with

which they are claimed to be in conflict are instruction numbered five given by the court of its own motion and instruction numbered one given at the request of the appellant. We find nothing in instruction numbered five given by the court of its own motion which in any way is contradictory to the instructions complained of. Instruction numbered five given by the court of its own motion was on contributory negligence and the question of imputing negligence of one Follis, if any, to the decedent. Instruction numbered one tendered by appellant and given by the court properly instructed the jury that the burden was upon the plaintiff to prove the material averments of her complaint by a fair preponderance of the evidence.

The parts of instruction numbered six here in controversy tendered by the appellee and given by the court were to the effect that if the jury found from the evidence that only one defendant was guilty of negligence and such negligence caused the collision and injury as alleged and that appellee had proven the other material allegations of the complaint, then she would be entitled to recover against the one defendant whom they found to be negligent and whose negligence was responsible for the collision. Instruction numbered eight tendered by the appellee and given by the court was to the effect that for the plaintiff to recover against all the defendants, the negligence alleged in the complaint must be established by a preponderance of the evidence; that if they found that only part of the defendants were guilty of the negligence charged in the complaint and such negligence was the proximate cause of the collision and injury and that the decedent was free from contributory negligence, then they could find for the plaintiff and against such defendants even though the other defendants were not guilty of the negligence charged against them.

These instructions were proper and are not in conflict with the other instructions given by the court.

The question has been before the courts of this state on many occasions. As pointed out above, the complaint alleged concurrent acts of negligence as the proximate cause of the injury and death of appellee's decedent. The rule as announced by our courts is to the effect that if two or more persons concur in acts of negligence which proximately contribute to an injury, either or all of such joint tort feasors may be required to respond in damages therefor if the other elements of liability are shown. Stated differently, the injured person may sue the actors jointly or severally and recover against one or all according to the facts of the case. *Wabash R. Co.* v. *McNown, supra; Indianapolis Union Ry. Co.* v. *Waddington, supra; South Bend Mfg. Co.* v. *Liphart, supra; Cleveland, etc., R. Co.* v. *Hilligoss* (1908), 171 Ind. 417, 86 N. E. 485; *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 87 N. E. 723; *Hoosier Stone Co.* v. *McCain* (1892), 133 Ind. 231, 31 N. E. 956; *Brown* v. *Kemp, Admx.* (1919), 71 Ind. App. 281, 124 N. E. 777; *Cleveland, etc., R. Co.* v. *Mann, Admx.* (1921), 76 Ind. App. 518, 132 N. E. 646.

From a consideration of all the instructions, we conclude that the jury was properly instructed. There was no error in overruling the motion for new trial.

Judgment affirmed.