Marshall E. Livingston, J.
This is a motion on the pleadings, before me as the Calendar Judge, by plaintiffs to join all the actions against the defendant Withey and all the actions against *584 the defendants Woodhouse, doing business as Niles Grill, for trial.
The motor vehicle accident out of which the cases arose occurred on Saturday, September 13, 1969, on Route 414 in Steuben County, New York, when the car operated by plaintiff, Stephen P. Hurd, was in collision with a truck owned and operated by defendant, Parley E. Withey.
Pour passengers in the Hurd vehicle were killed, and Mr. Hurd and his wife, Iris A. Hurd, were injured. Mrs. Hurd thereafter died from causes unrelated to the accident prior to the time the actions against the defendants Woodhouse were brought, but subsequent to the original Withey actions.
The actions against Withey allege reckless and gross negligence in the operation of his motor vehicle while he was intoxicated. The actions against the defendants Woodhouse allege that on the day of the accident Withey was a patron at the Niles Grill, and while on the premises under the influence of liquor, he continued to be served intoxicants by defendants or their employees, so that he became incompetent to drive.
The complaints against the defendants Woodhouse, in substance, allege violations of the General Obligations Law (§ 11-101) and the Alcoholic Beverage Control Law (§ 65).
The defendants urge that the cases against Withey and the Woodhouses be tried separately because they assert, among other things, that prejudice to them will result if they are tried together.
The plaintiffs say that separate trials will result in double expense, two sets of lawsuits with practically identical proof in each trial, and a multiplicity of trials.
This motion must be granted for the reason that the defendants are joint tort-feasors. Each is charged with active negligence, as the complaints reveal.
The actions against Withey were commenced in November, 1969. The actions against the Woodhouses were not begun until about one year later, presumably because interim investigation revealed the alleged presence of Withey in the Niles Grill on the same day of and prior to the accident.
These cases are on the calendar and will shortly be reached for trial. While my research has not been as thorough as I would like or as it would have been had the motion come on at Special Term, nevertheless, there are two cases in the Fourth Department which lend support to my determination (cf. *585 Yamonaco v. Murphy, 38 Misc 2d 585; Bator v. Barry, 282 App. Div. 324).
In Bator v. Barry (supra, p. 328) the court said: “ While it seems clear that Riley and Barry were not subject to liability as joint tort-feasors under the cause of action for wrongful death” (italics supplied). This is confusing to me because in the record in the Appellate Division, the complaint against Barry (the hotel owner) and the complaint against Riley (the defendant driver and patron of Barry’s hotel) each allege active negligence which was proximate cause of the injuries and death of Victoria Pohorseky.
Both sets of defendants are alleged to be m pari delicto or joint tort-feasors. The proof to establish Withey’s alleged negligence must include the alleged negligence of the defendants Woodhouse or their employees. The converse is equally true in order to link the alleged negligence of Woodhouse as a proximate cause of Withey’s alleged negligent operation of his car.