**Bill LAWRENCE and James Greear, Jr., Petitioners,**

v.

**Jack F. DAVIS, etc., et al., Respondents.**

Civ. A. No. 75-0059 (H).

United States District Court, W. D. Virginia, Harrisonburg Division.

Aug. 25, 1975.

M. Stuart Batemen, Asst. Atty. Gen., Richmond, Va., for respondents.

Bill Lawrence, pro se.

OPINION and JUDGMENT

DALTON, District Judge.

This case is before the court on respondents' motion for summary judgment. Petitioners, James Greear and Bill Lawrence, are inmates within the Virginia Department of Corrections at the Augusta Correctional Unit (#10)

and the Virginia State Penitentiary, respectively. Respondents are correction officials employed by the Commonwealth of Virginia. Petitioners allege that a letter written by Petitioner Greear and mailed to Petitioner Lawrence was unconstitutionally seized and retained by respondents in direct violation of an injunction previously issued by this court in *James Alan Farmer v. W. F. Loving, Superintendent*, 392 F.Supp. 27 (W.D. Va.1975). Petitioners were allowed to proceed with this *pro se* complaint *in forma pauperis* and the court has treated the case as an action arising under 42 U.S.C. § 1983; jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1343.

Respondents have filed several exhibits upon which they base their motion for summary judgment. Included within the exhibits are affidavits by Respondent Loving, the Superintendent of the Augusta Correctional Unit, and Respondent Hinchey, the Acting Director of the Division of Adult Services of the Virginia Department of Corrections; a copy of Department of Corrections Division Guideline 801 (revised)[1] pursuant to which the letter in issue was seized; a copy of the letter itself; and copies of notices which were mailed to each petitioner notifying each of the seizure of the letter. Petitioners have not submitted any evidence and have only filed their original complaint. Therefore, the facts are not in dispute and the case is ready for disposition by summary judgment.

I

On March 21, 1975, Petitioner Greear, while an inmate at the Augusta Correctional Unit, sent a letter to Petitioner Lawrence, who was an inmate at the Virginia State Penitentiary. The letter was never delivered to Petitioner Lawrence and was instead seized by Acting Director Hinchey who, acting pursuant to Division Guideline No. 801 (revised), retained the letter, read it for its contents, and determined that the letter should not be delivered since it contained references to criminal activity.[2] To date the letter is still retained by Director Hinchey. Notices were sent to both petitioners on May 27, 1975 notifying the petitioners of the seizure of the letter.

II

The court has two issues to consider and decide. The first issue relates to

---

1. Division Guideline No. 801 (revised) provides in pertinent part:
II. Administration of General Correspondence Privileges—The Superintendent of each institution is responsible for the guidance and direction of institutional staff in providing correspondence privileges and procedures within Division Guidelines:
1. Inmates may correspond with anyone they wish with the exception that no correspondence shall be permitted with inmates serving sentences in other institutions under the control of the Division of Corrections unless the Superintendents of the institutions concerned determine that such correspondence is in the best interest of both the inmate and the institution. Correspondence between members of a family serving sentences in different institutions shall be permitted with the approval of the superintendents involved.
2. All incoming correspondence of a general nature will be inspected for contraband but not otherwise read or censored with the exception that the Director specifically reserves the right to read for content mail of individual inmates in cases where there is reasonable cause to believe that an individual inmate is using the mails for purposes which directly threaten the security of the institution. The Director shall exercise this right upon written recommendation of an institutional Superintendent, Assistant Director or other proper party. The recommendation shall state the name of the person recommending the censorship and shall state specifically the grounds for the recommendation. All outgoing mail will not be accepted for mailing unless it is sealed (except in cases when payments for an inmate's purchases must be inserted by the accounting office or other appropriate office).

2. The letter contained a description of a serious fraud which Greear had perpetrated on the prison superintendent and offered to procure illegal drugs for Lawrence.

whether or not the action by respondents amounts to a violation of this court's injunctive order in *Farmer v. Loving, supra.* The second issue concerns the constitutionality of the letter's seizure without a hearing, regardless of any pending injunction.

■ In *Farmer v. Loving, supra,* this court held that the seizure of an item of mail which was sent to an inmate of the Virginia Department of Corrections by an ex-inmate could not be seized pursuant to a general ban on all correspondence between inmates and *ex-inmates* and without the minimum due process which the United States Supreme Court held necessary in *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). The item of mail seized in *Farmer* was also seized pursuant to Division Guideline 801 (which has since been revised). Formerly Division Guideline 801 proscribed all correspondence between inmates and ex-inmates (with minor exceptions) and did not provide any internal hearings.

The present case is readily distinguished from *Farmer* because in the present case, the issue involved concerns correspondence between two inmates rather than between an inmate and an ex-inmate. Therefore, the court's injunctive order in *Farmer* is not applicable to the facts in the present case, and the court accordingly holds that respondents have not violated this court's previous order.

### III

■ The remaining issue faces the court with the determination of the extent to which prison officials may curtail a prisoner's access to mail from another prisoner. The court starts with the fundamental assumption that:

"[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."

*Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

The rights of inmates are limited by the necessities of prison and cannot be equated to the rights of those who are not prisoners. This difference was well noted in the Supreme Court's decision in *Procunier, supra,* where the court did not decide the extent to which an individual's right to free speech survives incarceration, but instead considered the consequence of restrictions on correspondence with inmates from the constitutional perspective of those who are not prisoners. (416 at 408–409, 94 S.Ct. 1800). Therefore, the decision in *Procunier* is not dispositive of the issue presented in the present case.

The court turns to a Fourth Circuit opinion which, although modified by *Procunier,* decided the very question which is presented by this case. In *McCloskey v. State of Maryland,* 337 F.2d 72 (4th Cir. 1964) then Circuit Judge Haynsworth held that:

"Control of the mail to and from inmates is an essential adjunct of prison administration and the maintenance of order within the prison." (Id at 74).

Although prisoners have been accorded more clearly defined protections since the opinion in *McCloskey,* this court is of the opinion that correspondence which is totally within the Virginia Prison System is still a matter which deserves a general hands-off approach from the Federal Courts and that prison officials should be accorded latitude in this matter.

In examining Division Guideline 801 (revised) the court underscores that there is no absolute ban on correspondence between inmates, for inmates may correspond with each other if "the superintendents of the institutions concerned determine that such correspondence is in the best interest of both the inmate and the institution."[3] In the present case neither prisoner sought the

---

3. See Note 1 supra.

**1206**

prior approval of their respective superintendents. Moreover, the contents of the letter in question are such that the delivery of the letter was properly refused.

Therefore, the court holds that the minimum due process rights which were required in *Procunier v. Martinez, supra,* are not applicable to correspondence between prisoners which should remain an internal prison concern. Furthermore, the court holds that the letter in issue was properly withheld from delivery because of its objectionable contents. Finally, the court holds that respondents did not violate the court's injunctive order in *Farmer v. Loving, supra.*

Accordingly, the court grants respondents' summary judgment and orders that this case be dismissed and stricken from the docket. Petitioners are advised that they may appeal the judgment of this court to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal with this court within 30 days.