**Lloyd E. AVERY, Appellant-Plaintiff,**

v.

**Gordon FAULKNER, et al.,**
**Appellees-Defendants.**

**No. 3–484A108PS.**

Court of Appeals of Indiana,
Third District.

Dec. 19, 1984.

Rehearing Denied Jan. 29, 1985.

---

Lloyd E. Avery, pro se.

Linley E. Pearson, Atty. Gen. of Indiana, Robert B. Wente, Deputy Atty. Gen., Indianapolis, for appellees-defendants.

STATON, Presiding Judge.

Lloyd Avery, an inmate at Westville Correctional Center, corresponded with other inmates. Because he had neither requested nor received prior approval from prison officials to send correspondence to other inmates pursuant to IC 1984, 11–11–3–2 (Burns Code Supp.), prison officials returned several letters to Avery. Avery filed suit claiming that IC 11–11–3–2 unconstitutionally conflicts with his guaranteed constitutional right to free speech. The trial court dismissed Avery's complaint for failure to state a claim; it determined that IC 11–11–3–2 was facially constitutional.[1] Avery appeals raising the following issues:

---

1. "11–11–3–2. Transmission and receipt of correspondence generally.—(a) A confined person may send and receive, in any language, an unlimited amount of correspondence to or from any person, except as provided by subsection (b).

(b) The department may require prior approval of correspondence between a confined person and another person if the other person:

(1) Is being held in a correctional facility;
(2) Has been sentenced to a community corrections program;
(3) Is being held in a county jail; or
(4) Is participating in a work release program; operated by the department, a county sheriff, a county, the United States, or any state.

(c) If the department determines that the correspondence referred to under section 2(b) [subsection (b) of this section] of this chapter, is in the best interest of both the confined person and the facility involved, such correspondence shall be permitted.

(d) When the department has prohibited correspondence referred to under section 2(b) of this chapter, it shall follow the procedure for notification and availability of the grievance procedure as provided in sections 4(d) [11–11–3–4(d)] and 4(e) [11–11–3–4(e)] of this chapter. [IC 11–11–3–2, as added by Acts 1979, P.L. 120, § 4; P.L. 150–1983, § 1.]" IC 1984, 11–11–3–2 (Burns Code Supp.).

I. Did the trial court improperly treat the 12(B)(6) motion to dismiss as a summary judgment when no facts outside of the pleadings were considered?

II. Is IC 11–11–3–2 constitutionally invalid when it is the least restrictive means by which to further the substantial government interests of order, security, and rehabilitation?

We affirm.

## I.

### Dismissal

Avery contends that in reality the trial court treated the motion to dismiss as a summary judgment because it allegedly considered facts and allegations outside the pleadings. Even though Avery is correct that the trial court mentioned that in pleadings Avery "touched upon" equal protection and privileges and immunities theories the trial court further stated that Avery failed to argue these theories and rules accordingly. Therefore, it is clear that rather than grant summary judgment the trial court dismissed Avery's law suit.

 It is well-settled that when reviewing a motion to dismiss for failure to state a claim, we view the complaint in the light most favorable to the plaintiff and with every inference drawn in his favor. *Williams v. State* (1983), Ind.App., 444 N.E.2d 888, 890. Where it appears a certainty from the face of the complaint that the complaining party is not entitled to any relief, we will not reverse the judgment of the trial court in granting the motion to dismiss. *Id.; Paul v. Metro. School Dist. of Lawrence Tp.* (1983), Ind.App., 455 N.E.2d 411, 412. Therefore, if IC 11–11–3–2 is constitutional then we must affirm the dismissal.

## II.

### Constitutionality

 When construing the constitutionality of a statute, we accord the statute with every reasonable presumption supporting its validity and place the burden upon the party challenging it to show unconstitutionality. *Johnson v. St. Vincent Hospital, Inc.* (1980), 273 Ind. 374, 381, 404 N.E.2d 585, 591. Avery contends that IC 11–11–3–2 is unconstitutional because it expressly conflicts with the constitutional guarantees of freedom of speech. We disagree.

Even though the issue of restricting prisoners rights to correspond is one of first impression in Indiana, several Federal District and Circuit Courts have addressed it. *Watts v. Brewer* (8th Cir.1978), 588 F.2d 646, 650; *Heft v. Carlson* (5th Cir.1973), 489 F.2d 268, 269; *Sostre v. McGinnis* (2nd Cir.1971), 442 F.2d 178, 200, U.S. *cert. denied* 405 U.S. 978, 404 U.S. 1049, 92 S.Ct. 1190, 92 S.Ct. 719, 31 L.Ed.2d 254, 30 L.Ed.2d 740; *Schlobohm v. U.S. Atty. Gen.* (M.D.Penn.1979), 479 F.Supp. 401, 402–03; *Peterson v. Davis* (E.D.Va.1976), 415 F.Supp. 198, 200; *Lawrence v. Davis* (W.D. Va.1975), 401 F.Supp. 1203, 1205–06. These courts have upheld as constitutional the statute or regulation which requires prior approval of the prison officials before inmates can correspond with other inmates. We agree with these Courts.

 Contrary to Avery's contentions, constitutionally guaranteed rights can be restricted if the restriction furthers a substantial government interest and is no greater than necessary to protect the interest involved. *Peterson, supra* at 200; *Lawrence, supra* at 1205. Order, security, and rehabilitation are the government interests involved in the regulation of inmate correspondence. *Schlobohm, supra* at 402; *Peterson, supra* at 200. Prior approval of correspondence between inmates allows prison officials a better opportunity to provide security for transferred prisoners and order for the institution. *Peterson, supra* at 200. In addition, unrestricted correspondence could serve as a conduit through which inmates could plan further crimes, escapes, or disruptions of order in the penal institution. *Schlobohm, supra* at 403. Therefore, it is apparent that prior approval of inmate correspondence furthers substantial government interests.

These federal courts have also held this particular regulation of inmate mail to be no greater than necessary to protect security, order, and rehabilitation. *Schlobohm, supra* at 403; *Smith v. Shimp* (7th Cir. 1977), 562 F.2d 423, 426. We do not see how the substantial government interests of order, security, and rehabilitation could be adequately and effectively protected with a lesser means of involvement by the prison officials. *Accord, Smith, supra* at 426. The restriction involved in this case is not a prohibition per se of any communication. *Id.* Due process is available.

Accordingly, the trial court was correct in finding that IC 11–11–3–2 is constitutional, and therefore, Avery failed to state a claim upon which relief could be granted.

Affirmed.

GARRARD and HOFFMAN, JJ., concur.