Paul E. FLAGG and Michael D. Baker Administrator of the Estate of Tina J. Baker, Deceased, Plaintiffs-Appellants,

v.

McCANN CORPORATION d/b/a Plummer's Bar, and John Doe, Defendants-Appellees.

No. 20A03–8602–CV–53.

Court of Appeals of Indiana, Third District.

Oct. 7, 1986.

Rehearing Denied Nov. 21, 1986.

John J. Gaydos, Elkhart, for plaintiffs-appellants.

Victor Arko, Slabaugh, Cosentino, Arko, Walker and Shewmaker, William J. Cohen, Elkhart, for defendants-appellees.

STATON, Presiding Judge.

On July 25, 1981, Daniel Vogelzang consumed alcoholic beverages in Plummer's Bar, which is owned by McCann Corp.[1] Vogelzang left the bar intoxicated and began to drive his car. On the highway he crossed the centerline and collided with a car being driven by Paul Flagg. Flagg

---

1. July 25, 1981, is before the effective date of Indiana's comparative fault statutes. *See,* West's AIC 34–4–33–1 (Supp.1986).

was injured and Tina Baker, a passenger in Vogelzang's car, was killed. Michael Baker (Baker) is the administrator of Tina's estate.

Flagg and Baker filed suit against McCann for negligently and unlawfully[2] selling alcoholic beverages to Vogelzang. In its motion to dismiss, McCann argued that because it and Vogelzang were joint tort-feasors, separate releases executed by Flagg and Baker with Vogelzang also operate to release McCann from liability in connection with the automobile collision. The trial court granted McCann's motion and this appeal follows.

The issue we must address is whether a release which specifically excludes one joint tort-feasor results in the release of all joint tort-feasors.

Affirmed.

## I.

### Review

In its motion to dismiss, McCann argued that the complaint failed to state a claim for relief recognized in Indiana. The trial court granted this motion, and it is well settled that in an appeal of a dismissal on these grounds, we view the complaint from a perspective most favorable to the plaintiffs. Every inference will be drawn in their favor, and, if it appears a certainty that from the face of the complaint that the plaintiffs are not entitled to relief, we will not disturb the judgment of the trial court. *Avery v. Faulkner* (1984), Ind.App., 471 N.E.2d 1226, 1228, *trans. den.* (citations omitted). In the instant case, we must determine whether Flagg and Baker are entitled to relief despite the releases they executed with Vogelzang.

## II.

### Releases

Flagg and Baker separately filed complaints against Vogelzang seeking recovery for injuries they sustained in the automobile collision. As co-plaintiffs, they also

filed a complaint against McCann. Flagg and Baker reached a settlement with Vogelzang, and each of them executed an instrument entitled "Release." Flagg's release contained the following provision:

" ... I the undersigned, Paul E. Flagg, do hereby release, acquit and forever discharge Daniel O. Vogelzang and Robert Vogelzang and any other person, firm or corporation charged or chargeable with responsibility or liability to Daniel O. Vogelzang and Robert Vogelzang except McCann Corporation d/b/a Plummer's Bar and John Doe, from all actions, suits, causes of action, claims or demands of any kind and nature whatsoever ..." R. 28.

Baker's release provided:

"... Michael D. Baker, as duly appointed and qualified Administrator of the Estate of Tina J. Baker, deceased, ... does hereby release, acquit and forever discharge Daniel O. Vogelzang from any and all claims, demands, ... by reason of the aforementioned accident resulting in the death of Tina J. Baker.*

* Provided, however, that said Administrator does not release or discharge McCann Corporation d/b/a Plummer's Bar and John Doe. R. 31.

The essence of McCann's argument in its motion to dismiss was that the releases executed by Flagg and Baker were general releases of one joint tort-feasor which, by operation of law, released all joint tort-feasors. *Cooper v. Robert Hall Clothes* (1979), 271 Ind. 63, 390 N.E.2d 155.

In *Cooper, supra,* the Indiana Supreme Court reaffirmed the general rule that a release of one joint tort-feasor effectively releases all joint tort-feasors, despite language in the release which attempts to reserve a claim against one of the tort-feasors. *Id.,* 390 N.E.2d at 156. One of the concerns expressed in *Cooper* was that a plaintiff might be able to obtain a total recovery in excess of his actual damages by arranging for successive settlements for the various tort-feasors in return for re-

---

**2.** *See,* West's AIC 7.1–5–10–15.

leases. *Id.* To prevent that sort of abuse, the court in *Cooper* concluded that a reservation clause contained in a release of one joint tort-feasor should have no force and effect.[3] The rationale for this result was explained as follows:

> Joint tort-feasors constitute, in a sense, one entity, each of them being jointly and severally liable for injury to the plaintiff. An unequivocal release of one is, as a matter of law, a determination that none of the joint tort-feasors in this "entity" is liable.

*Id.*, 390 N.E.2d at 157.

Although Flagg and Baker acknowledge the holding in *Cooper, supra,* to avoid its consequences they attempt to distinguish the instant case by arguing that Vogelzang and McCann are not "one entity" because each claim involves an independent civil wrong. For the following reasons, we do not agree.

■ A case referred to us by Flagg and Baker clearly establishes that a tavern may be liable for the consequences of serving liquor to an intoxicated person whom the server knows or should have known. was driving an automobile. *Elsperman v. Plump* (1983), Ind.App., 446 N.E.2d 1027, *reh. den.* Too, there is no dispute that Vogelzang could have been liable for the injuries caused by the automobile collision. Thus, given the allegations contained in Flagg and Baker's complaint, that the acts of McCann and Vogelzang united in causing the injuries resulting from the car crash, we have little difficulty in determining that Vogelzang and McCann can be classified as "joint tort-feasors."

The term "joint tort-feasors" has been defined as "two or more persons jointly or severally liable in tort for the same injury to person or property." *American Tobacco Co. v. Transport Co.* (Va.1967), 277

F.Supp. 457, 461. It has also been used to mean "those who act together in commiting wrong, or whose acts if independent of each other, unite in causing single injury." *Bowen v. Iowa Natl. Mut. Ins. Co.* (1967), 270 N.C. 486, 155 S.E.2d 238, 242–43; *Lasprogata v. Qualls* (1979), 263 Pa.Super. 174, 397 A.2d 803, 805, n. 4.

The common thread running through these definitions is that the wrongful acts of several tort-feasors cause a single injury. The importance of the relationship between a single injury and several wrongdoers is explained in the following passage:

> When more persons than one unite in the commission of a wrong, each is responsible for the acts of all, and for the whole damage; also, where separate and independent acts of negligence by different persons concur in causing a single injury, each is fully responsible for the trespass. Courts will not undertake to apportion the damage in such cases among the joint wrongdoers. The injured party has, at his election, his remedy against all, or any number.

*Cleveland, Cincinnati, Chicago & St. Louis Railway Co. v. Hilligoss* (1908), 171 Ind. 417, 423, 86 N.E. 485, 487 (Citation omitted).

The difficulty of apportioning damages between joint tort-feasors has lead to the following observation:

> It is, and has long been, a generally recognized rule that there is no line of separation between the liability of joint tort-feasors. The tort is a thing integral and indivisible, and any claim for injuries arising therefrom runs through and embraces every part of the tort. The liability of one can not be carried into any portion of the joint tort that is not followed by an equal liability of the other tort-feasor.

---

**3.** The decision in *Cooper* does not prevent a plaintiff from electing to proceed against one of several tort-feasors. Convenants not to sue, covenants not to execute, and loan receipt agreements accommodate such an election. Those agreements are distinguishable from a release, however, in that a release is a relinquishment of a claim for damages. *Cooper, supra,* 390 N.E.2d

at 157. *See also, Sanders v. Cole Municipal Finance* (1986), Ind.App., 489 N.E.2d 117, 120, *reh. den.* (Garrard, J., concurring) (plaintiff's options discussed); *Number One Beverage, Inc. v. Miller Brewing Co.,* (1982), Ind.App., 437 N.E.2d 508, *trans. den.* (plaintiff may proceed against one of several tort-feasors who is not party to covenant not to sue agreement).

*Hoesel v. Cain* (1944), 222 Ind. 330, 346, 53 N.E.2d 165, 171, *reh. den.*, 222 Ind. 330, 53 N.E.2d 769. (Citation omitted). Thus, the concept of joint and several liability among joint tort-feasors is firmly established in Indiana jurisprudence.

Our determination that Vogelzang and McCann are one entity for purposes of the instant action is supported by a New York case. In *Hurd v. Withey* (1971), 67 Misc. 583, 324 N.Y.S.2d 605, 607, a court unequivocally held that bar owners who served liquor to an intoxicated patron were joint tort-feasors in an action brought by the victim of a car crash allegedly caused by the patron. Similarly, there is an Illinois case directly on all fours with the present action. In that case, although the court drew a technical distinction between joint and independent concurring tort-feasors, it concluded that the injury was indivisible. The rationale set down by the Illinois court is persuasive, and it is appropriate to reproduce it here.

> At common law it was not a tort to either sell or give intoxicating liquor to a strong and able bodied man and such act was never held to be culpable negligence that would impose legal liability for damages upon the vendor or donor of liquor. *Cruse v. Aden*, 127 Ill. 231, 234, 20 N.E. 73, 3 L.R.A. 327. Under certain circumstances a liability has been imposed by statute not only upon the person who sells intoxicating liquor but upon the owner of the premises where the liquor is sold. In the instant case there was no concert of action or cooperation between Jan Kerch [intoxicated driver] and appellees to accomplish the particular tort [car crash] which resulted in appellant being injured. Appellees and Jan Kerch were not joint tort feasors neither did they inflict upon appellant separate and distinct injuries. The injury appellant received was a single indivisible one as a result of the tortuous act of Jan Kerch. The damages he sustained are inseparable and the overwhelming weight of authority applicable under these conditions is that the ancient rule of the release of one operates to release all applies indis-

criminately, i.e. to both types of tort feasors, joint and independent concurring tort feasors. *Muse v. De Vito*, 243 Mass. 384, 137 N.E. 730; *McKenna v. Austin*, 77 U.S.App.D.C. 228, 134 F.2d 659, 669, 148 A.L.R. 1253.

*Manthei v. Heimerdinger* (1974), 332 Ill. App. 335, 75 N.E. 132, 140.

There is also an Indiana case which is factually similar to the instant action. *Brown v. Kemp* (1919), 71 Ind.App. 281, 124 N.E. 777, involved a wrongful death claim of an intoxicated man who was killed by a railroad train. The decedent's estate filed suit against the supplier of the liquor, but recovery was denied because the estate had executed an agreement releasing the railroad company from liability. *Brown* illustrates the rule which was reaffirmed in *Cooper, supra*, which we have determined to control the instant case.

Flagg and Baker's final attack on the releases they executed is that they never intended to release McCann, and that they did not receive full satisfaction for their claims. *Wecker v. Kilmer* (1973), 260 Ind. 198, 294 N.E.2d 132.

■ Intention and the amount of satisfaction are indeed relevant to our determination as to whether the agreement at issue should be characterized as a release, or a covenant not to sue, the latter being advocated by Flagg and Baker. That characterization is critical because once it is made, the effect is established by law. *Sanders v. Cole Mun. Finance* (1986), Ind. App., 489 N.E.2d 117, 120–21, *reh. den.*

In the instant action, the agreements with Vogelzang were entitled "Release," and they contained language which was consistent with their title. There is no doubt that Flagg and Baker fully intended to release Vogelzang when they entered into this agreement. Since a release is a relinquishment or abandonment of a claim for damages, *Cooper, supra*, 390 N.E.2d at 157, and given the Indiana rule that the release of one tort-feasor from an "entity" releases all, *Id.*, 390 N.E.2d at 158.

McCann was released from liability at the same time as Vogelzang.

The trial court's dismissal of this cause of action is affirmed.

HOFFMAN, J., concurs.

GARRARD, J., dissents with opinion.

GARRARD, Judge, dissenting.

I respectfully dissent for the reasons expressed in my dissent in *Young v. Hoke* (1986), Ind.App., 493 N.E.2d 1279.