**James Donald BROWN, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 28098**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Nov. 25, 1969.

James Donald Brown, pro se.

Earl Faircloth, Atty. Gen. of Florida, James R. Yon, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

Appellant, a Florida convict, filed his petition in the court below requesting that a three judge court be convened to enjoin prison mail censors from removing postage stamps from his outgoing mail, relying on 42 U.S.C. § 1983. The district court dismissed the action for failure to state a claim cognizable under 42 U.S.C. § 1983. We affirm.[1]

The control of prison mail is a matter of prison administration. The claim here does not rise to the level of a federal claim. See Schack v. Wainwright, 5 Cir., 1968, 391 F.2d 608; and Adams v. Ellis, 5 Cir., 1952, 197 F.2d 483. If considered as a theft of property problem, there is nevertheless no basis for a civil rights action. Urbano v. Calissi, 3 Cir., 1967, 384 F.2d 909, cert. den., 391 U.S. 925, 88 S.Ct. 1824, 20 L.Ed. 2d 664.

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.