John W. Stokes, Jr., U. S. Atty., Charles B. Lewis, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

**James Joseph O'BRIEN, Petitioner-Appellant,**

v.

**Olin G. BLACKWELL, Warden, Respondent-Appellee.**

**No. 28269**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1970.

PER CURIAM:

 O'Brien appeals from an order of the District Court denying his petition for a writ of mandamus to require prison officials to place in the mail his letters to an alleged minister not on O'Brien's approved mailing list. We affirm.[1]

O'Brien is a federal prisoner. In its initial order, and again on O'Brien's motion to reconsider, the District Court held that the complaint was insufficient to state a claim for violation of O'Brien's constitutional rights, that even if the complaint were sufficient there was no showing that O'Brien had exhausted his administrative remedies; and in any event that this is an area of prison administration with which the courts should not interfere. We agree.

O'Brien's arguments that he is being denied his freedom of religion, and that it was error for the District Court to

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526.

have denied him an evidentiary hearing are without merit. We have been "very chary about interfering in the internal operation and administration of prison systems, and we have done so only in exceptional cases and then only when available administrative remedies within the prison organization had been exhausted." Granville v. Hunt, 5 Cir. 1969, 411 F.2d 9, 12. *See* Diehl v. Wainwright, 5 Cir. 1970, 419 F.2d 1309.

Affirmed.