Jerry **WHITE** and Alvin Claybrone, Petitioners-Appellants,

v.

**COMMISSIONER OF ALABAMA BOARD OF CORRECTIONS** and Warden, **D. M. Van Cleve**, Respondents-Appellees.

No. 72–2573
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.
Nov. 30, 1972.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir., 1970, 431 F.2d 409, Part I.

Jerry White, Alvin Claybrone, pro se.

William J. Baxley, Atty. Gen., Montgomery, Ala., for respondents-appellees.

Before JOHN R. BROWN, Chief Judge, GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Jerry White and Alvin Claybrone, inmates of the Alabama prison system, filed a civil rights complaint seeking injunctive relief for asserted deprivations of Federal constitutional rights resulting from a variety of alleged abuses in the operation of the solitary confinement facility of the Atmore State Prison. The petitioners alleged cruel and inhuman punishment due to certain existing conditions, namely: (1) unsanitary cells; (2) improper toilet and bathing facilities; and (3) a poor ventilation system. The petitioners further alleged that they were denied fair and impartial hearings before being placed in solitary confinement, and instances of capricious mistreatment by the prison guards. The district court dismissed the complaint on grounds that the allegations were frivolous and generally covered in Lake v. Lee, S.D.Ala.1971, 329 F.Supp. 196.

In *Lake,* supra, the court took notice of Beard v. Lee, an unpublished opinion rendered by the district court for the Southern District of Alabama on January 24, 1969, which relates to the conditions in the solitary confinement unit at Atmore State Prison. Among other things, the court in *Beard* ordered that: (1) the cells be adequately ventilated, appropriately heated, and maintained in a sanitary condition at all times; (2) inmates be furnished adequate toilet paper and all toilets be flushed a minimum of three times a day; (3) inmates be given the chance to bathe not less than once a week; and (4) before a hearing is held in which an inmate may be placed in solitary confinement as punishment he is to be given written notice of the charge a reasonable time before the hearing at which he must be allowed to speak for a reasonable length of time in his own behalf, hear all oral testimony, and see any exhibits presented against him.

If the petitioner's claims are true then the prison officials at Atmore are not complying with the order of the court in Beard v. Lee, supra. Accordingly, we vacate the district court's order dismissing the complaint and remand for further proceedings consistent with our opinion in Williams v. Wainwright, 5th Cir. 1972, 461 F.2d 1080 and companion cases. On remand the District Court should give due consideration, among other things, to the effectuation of the decree in *Beard,* if the allegations here are in fact identical to that earlier suit and if not what effect the earlier suit should have.

Vacated and remanded.