Owen M. FRYE, Petitioner-Appellant,

v.

J. D. HENDERSON, Warden, U. S. Penitentiary, Atlanta, Georgia, Respondent-Appellee.

No. 72–3332

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 14, 1973.

---

Owen M. Frye, pro se.

John W. Stokes, U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Owen M. Frye appeals the district court's denial of his petition for an injunction against J. D. Henderson, Warden of the United States Penitentiary at Atlanta, Georgia. We affirm.

The appellant, who is presently incarcerated in the Atlanta penitentiary, sought to enjoin the prison officials from censoring any of his outgoing mail as well as his incoming mail from his attorney, the courts and public officials on grounds that such action amounted to a denial of his right to freedom of speech and violated his attorney-client privilege. In support, the appellant sub-

mitted as exhibits, four envelopes from, *inter alia,* the district court and his attorney, which he alleged were "sliced open" in such a way as to damage the contents of the correspondence.

After an answer with a supporting affidavit was filed by the respondent, the district court denied the petition, finding that Frye was not entitled to relief. We agree.

"The control of prison mail is a matter of prison administration." Brown v. Wainwright, 5th Cir. 1969, 419 F.2d 1308; O'Brien v. Blackwell, 5th Cir. 1970, 421 F.2d 844. And as the district court held, "[t]he mere censorship of a prisoner's mail, considered often by the courts, is but a proper adjunct to prison discipline, so long as it does not interfere with a prisoner's right to communicate with the courts." Here, the appellant has failed to indicate, much less allege, that the manner of processing his outgoing mail has denied him free access to courts which would warrant judicial interference in this internal prison matter. Schack v. Wainwright, 5th Cir. 1968, 391 F.2d 608, cert. denied 1968, 392 U.S. 915, 88 S.Ct. 2078, 20 L.Ed.2d 1375. See also Perry v. Jones, 5th Cir. 1971, 437 F.2d 759.

Actual censorship of attorney-inmate mail—be it incoming or outgoing—might very well infringe unconstitutionally in the prisoner's rights of access to the courts. However, the district court found on the record before it, that the mail from these sources is not being censored, but merely opened by an electric letter opener [1] to determine whether contraband is being sent into the prison. This is a legitimate prison policy, which does not deny any federally-protected right that prisoners have. The judgment appealed from is due to be and is hereby affirmed.

Affirmed.

1. As the district court found, the damage to the contents of the letters was purely accidental and caused by temporary malfunction of the opening machine.