**James BARLOW et al., Petitioners-Appellants,**

v.

**J. Al AMISS, Sheriff of East Baton Rouge Parish, Respondent-Appellee.**

**No. 72-2401.**

United States Court of Appeals, Fifth Circuit.

April 30, 1973.

SIMPSON, Circuit Judge.

Plaintiffs-appellants, all inmates of the East Baton Rouge Parish Prison, brought this action purportedly on behalf of themselves and all others similarly situated, under Title 42, U.S.C., Section 1983, to restrain the Sheriff of East Baton Rouge Parish and his agents from alleged infringement of certain of appellants' constitutional rights.

Appellants' first cause of action alleged that the Sheriff was interfering with appellants' right to receive and read the religious newspaper "Muhammad Speaks" and the religious text the "Quran". The second cause of action alleged that the Sheriff had adopted policies which prohibit appellants from corresponding with anyone not approved by the Sheriff and his agents, including "friends, relatives, newspapers, persons who can assist them in their defense, public figures, religious leaders both lay and clerical, governmental and judicial units and others." The third cause of action asserted that the Sheriff and his agents unconstitutionally censor all incoming and outgoing inmate mail, "including correspondence with the courts, with governmental agencies, with public figures and with counsel."[1] The lower court enjoined the Sheriff and his agents from denying appellants the right to receive and read "Muhammad Speaks" and the "Quran." At the same time, the lower court dismissed appellants' second and third causes of action *sua sponte*, without allowing argument or an evidentiary hearing. Appellants have appealed from the dismissal of their second and third causes of action; we reverse and remand for further development of the facts.

In their complaint, plaintiffs brought this action "on their own behalf and in

William E. Rittenberg, New Orleans, La., for petitioners-appellants.

William J. Guste, Atty. Gen., Gilbert L. Dozier, Gary Keyser, Baton Rouge, La., for respondent-appellee.

Before GEWIN, SIMPSON and RONEY, Circuit Judges.

1. Plaintiff-appellants' complaint continues:

   "Such censorship includes reading such correspondence and, on occasion, making copies thereof, even where the correspondence is between attorney and inmate and relates to actions pending in court against prison officials as defendants; such censorship also includes the refusal to mail out correspondence critical of the prison administration regardless of the addressee and even where such addressee is the inmate's attorney."

behalf of all other inmates in the prison under the authority of the defendant." At oral argument, however, appellants' counsel stated that at the time the complaint was filed, all of the named plaintiffs were in fact incarcerated awaiting trial. None were convicted persons serving sentences or awaiting transfer. In ordering a remand for further proceedings, we find it necessary to sustain plaintiffs-appellants' complaint only insofar as it alleged that persons incarcerated pending trial have been deprived of federal constitutional rights.[2]

■ In sustaining the sufficiency of a complaint brought by Negro union members for fair representation under the Railway Labor Act, the Supreme Court reiterated ". . . the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 1957, 355 U. S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80. In Cooper v. Pate, 1964, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030, the Supreme Court held that a state prisoner who alleged that solely because of his religious beliefs he had been denied permission to purchase certain religious publications and had been denied privileges enjoyed by other prisoners had stated a cause of action which it was error to dismiss. Further at its last term, in Haines v. Kerner, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, the Supreme Court upheld the sufficiency of a prisoner complaint which alleged damages due to claimed injuries and deprivation of rights sustained from being placed in solitary confinement. *Haines* was followed directly by Cruz v. Beto,

1972, 405 U.S. 319, 92 S.Ct. 1079, 31 L. Ed.2d 263, which held that the courts below had erred in dismissing a prisoner complaint which alleged denial of freedom to practice the Buddhist religion, and further alleged discrimination by prison officials between Buddhists and "prisoners who adhere to conventional religious precepts." Both *Haines* and *Cruz* explicitly stated that the standard of Conley v. Gibson, supra, governs allegations of deprivations of rights protected by the federal constitution made by prisoners. This Court has applied the foregoing standard to reverse the dismissal of complaints brought by prisoners which alleged the deprivation of federal constitutional rights. *See, e. g.,* Henry v. Van Cleve and Ross, 5 Cir. 1972, 469 F.2d 687; White & Claybrone v. Comm'n of Alabama Bd. of Corrections, 5 Cir. 1972, 470 F.2d 55; Williams v. Wainwright, 5 Cir. 1972, 461 F.2d 1080; Andrade v. Hauck, 5 Cir. 1971, 452 F.2d 1071.

■ While the control of prison mail is a matter of internal prison administration with which the federal courts are loath to interfere, O'Brien v. Blackwell, 5 Cir. 1970, 421 F.2d 844; Brown v. Wainwright, 5 Cir. 1969, 419 F.2d 1308, the denial of free and unfettered communication between inmates and courts and attorneys may constitute a denial of federal constitutional rights, see Frye v. Henderson, 5 Cir. 1973, 474 F.2d 1263; cf. Cruz v. Hauck, 5 Cir. 1973, 475 F.2d 475. Insofar as appellants have alleged that inmates awaiting trial have been denied the right to uncensored communication with attorneys and courts, their second and third causes of action clearly stated facts which, if proven, would entitle them to relief.

2. Since we regard the appellants' second and third causes of action as sufficiently alleging the deprivation of rights guaranteed by the federal constitution to persons incarcerated awaiting trial, we find it unnecessary at this time to consider whether the named plaintiffs may properly represent the entire class of inmates of the East Baton Rouge Parish Prison. Neither do we consider the sufficiency of appellants' complaint as it pertains to all inmates of the East Baton Rouge Parish Prison including inmates incarcerated pursuant to convictions in state court as well as inmates incarcerated pending trial. The proper resolution of these interrelated problems is initially for the district judge.

They alleged facts sufficient to withstand a motion to dismiss, Haines v. Kerner, supra; Conley v. Gibson, supra.

While we think it is clear that appellants are entitled to a hearing as to the issues raised in their complaint, we do not intimate any view regarding the proper disposition of their allegations. Nor do we prescribe the form of the necessary factual inquiry below.[3]

Reversed and remanded.

3. As we noted in Williams v. Wainwright, supra, op.cit., 461 F.2d at 1081, "Whether these claims should be graced with a full-fledged evidentiary hearing or disposed of by utilization of the wide variety of available discovery techniques is a matter properly to be decided by the District Judge."