489 F.2d 268
 Gerald Edwin HEFT, Petitioner-Appellant,
v.
Norman CARLSON, Director, etc., et al., Respondents-Appellees.
No. 73-2498 Summary Calendar.*
*Rule 18, 5 Cir.; Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York, 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 19, 1973.
 
 Gerald Edwin Heft, pro se.
 Anthony M. Arnold, Asst. U.S. Atty., John W. Stokes, Jr., U.S. Atty., Atlanta, Ga., for respondents-appellees.
 Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Heft, an inmate of the federal penitentiary of Leavenworth, Kansas, appeals an order of the district court denying a mandamus petition against prison authorities for alleged illegal interference with his mail. We affirm.
 
 
 2
 Appellant claimed that prison authorities at the federal penitentiary in Atlanta, Georgia, had (1) interfered with his letters to inmates of the Atlanta penitentiary, (2) prevented him from determining whether members of his Church of the New Song were given the right to assemble for worship in the Atlanta penitentiary, and (3) denied him the opportunity to communicate and share religious news, experiences, and ideas.
 
 
 3
 The district court held that there had been no violation of appellant's constitutional rights, since prison mail was a matter of internal prison administration and that the guidelines adopted by the Atlanta prison authorities were clearly authorized by Policy Statement No. 7300.1A of the Federal Bureau of Prisons. Policy Statement No. 7300.1A authorized the privilege of open correspondence for prisoners and recommended that the various prison authorities set guidelines in connection with inter-institutional correspondence. The Atlanta prison authorities had adopted guidelines under the authority of No. 7300.1A, permitting such correspondence in certain limited circumstances.[1]
 
 
 4
 The District Court impliedly found that appellant's attempted correspondence did not fall within the limited circumstances contemplated by the Atlanta guidelines. Appellant's letters, rather than dealing with religious ideology, can be characterized as hostile in nature and largely concerned with seeking legal advice as to how to sue prison officials. Thus one letter included the remark 'I'm trying my best to make them sorry they ever transferred me.'
 
 
 5
 It is firmly established that prison authorities have the right and responsibility to regulate correspondence of inmates. O'Brien v. Blackwell, 5 Cir., 1970, 421 F.2d 844; Brown v. Wainwright, 5, Cir., 1969,419 F.2d 1308; Schack v. Wainwright, 5 Cir., 1968, 391 F.2d 608. We are not, of course, dealing with communications with courts and attorneys as to which much greater freedom must be assured. Barlow v. Amiss, 5 Cir., 1973,477 F.2d 896; Frye v. Henderson, 5 Cir., 1973, 474 F.2d 1263. The actions of the Atlanta authorities in restricting appellant's correspondence from outside the Atlanta penitentiary with inmates in the Atlanta penitentiary have not in any way resulted in a denial of access to the courts or assistance of counsel. We conclude that there is no indication of abuse of discretion in the control exercised over Heft's mail as a function of prison administration.
 
 
 6
 Affirmed.
 
 
 
 [1]
 Policy Statement A-7300.53 CH 1 issued by the Atlanta Penitentiary included the following stipulation regarding inmate correspondence:
 
 
 [4]
 LIMITATIONS: An inmate is not permitted to correspond with or send greeting cards to prisoners in another institution. Exceptions to this general rule is members of the immediate family. Other special exceptions may be made by the Caseworker, but the justifaction should be well documented in the Central File