**UNITED STATES of America ex rel.
C. Edward DEAN**

v.

**Robert L. JOHNSON, Superintendent,
State Correctional Institution at
Graterford, Pennsylvania.**

**Civ. A. No. 74–1054.**

United States District Court,
E. D. Pennsylvania.

Sept. 11, 1974.

**496**

C. Edward Dean, pro se.

Lawrence Barth, Asst. Atty. Gen., Philadelphia, Pa., for defendant.

### MEMORANDUM

GORBEY, District Judge.

Defendant has filed a motion for summary judgment on the grounds that:

(1) plaintiff has failed to allege any facts showing that the defendant has violated any of the plaintiff's constitutional rights; and (2) plaintiff has failed to state a claim upon which relief can be granted under the Civil Rights Act (42 U.S.C. § 1983).

Plaintiff is an inmate of the State Correctional Institution at Graterford, Pennsylvania, and has filed a complaint in which he requests damages and injunctive relief under 42 U.S.C.A. § 1983; 28 U.S.C. §§ 1331 and 1343; and the First, Fourth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

Plaintiff alleges that defendant has denied him the right to use stationery of his own choosing in his correspondence with family, friends, attorneys and government officials, and also that his personal correspondence is read by prison employees.

Although this is a *pro se* complaint, there must be an allegation of facts as well as conclusions (Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967)) indicating the specific conduct of defendant, a state official, which violates some constitutional right of the plaintiff.

Assuming that, as superintendent of the State Correctional Institute, defendant is responsible for denying plaintiff the use of stationery of his own choice the denial does not result in a violation of any constitutional right. In Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948), the Court stated:

> "Lawful incarceration brings about the necessary withdrawal or limitations of many privileges and rights, a retraction justified by the considerations underlying our penal system."

Obviously, if the limitation as to type of stationery would result in a curtailment of the prisoner's right to communicate with the courts, public officials, attorneys, as well as friends and family, it could not be justified by "considerations underlying our penal system." No such limitation is here alleged.

In Gaito v. Ellenbogen, 425 F.2d 845 (3d Cir. 1970), the plaintiff complained that he was compelled to use pink paper on which to file his legal papers, whereas prisoners in other state institutions used either green or yellow paper. The court stated:

"We fail to see any constitutional right violated by this procedure." *Supra,* page 849.

The conclusion is irresistible that no constitutional right is infringed where the material used for communication is that supplied by the institution rather than that chosen by the prisoner. .

■ Turning next to the allegation that his personal correspondence is read by prison employees, and assuming the truth of such allegation, if it be a wrong, it is not a wrong of federal constitutional magnitude, therefore not congnizable under the Civil Rights Act. The cases have made a distinction on the basis of correspondence to family or friends as distinguished from that with courts, attorneys or public officials. In Frye v. Henderson, 474 F.2d 1263 at 1264 (5th Cir. 1973), the court stated:

" 'The control of prison mail is a matter of prison administration.' Brown v. Wainwright, 5th Cir. 1969, 419 F.2d 1308; O'Brien v. Blackwell, 5th Cir. 1970, 421 F.2d 844. And as the district court held, '[t]he mere censorship of a prisoner's mail, considered often by the courts, is but a proper adjunct to prison discipline, so long as it does not interfere with a prisoner's right to communicate with the courts.' "

As stated in Corby v. Conboy, 457 F 2d 251, 253 (2d Cir. 1972):

"Prisoners no less than other persons have a constitutional right of access to the courts . . . and prison authorities may neither place burdens on that right . . . nor punish its exercise . . . "

Also at page 254:

"Unlike correspondence with courts or counsel, a prisoner's right to mail let-

ters to his family or friends is not absolute."

■ Since, in some instances a refusal to mail an inmate's letter may be justified "as where communication of its contents to persons beyond the prison walls would pose a threat to prison discipline or security, or would hinder efforts to rehabilitate the inmate", it follows that there must be a right to inspect the contents of a communication in the first instance.

In Sostre v. McGinnis, 442 F.2d 178, 201 (2d Cir. 1971), cert denied sub nom. Oswald v. Sostre, 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972), after dealing specifically with Rights of Communication and Expression, the court stated:

"We need only add that when we say there may be cases which will present special circumstances that would justify deleting material from, withholding, or refusing to mail communications with courts, attorneys, and public officials, *we necessarily rule that prison officials may open and read all outgoing and incoming correspondence to and from prisoners.*" (Emphasis added)

*See also* Dreyer v. Jalet, 349 F.Supp. 452, 483 (S.D.Tex.1972).

In Procunier v. Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), the Supreme Court held that First Amendment liberties of free citizens are implicated in censorship of prisoner mail. The issue of First Amendment rights of inmates was, however, explicitly reserved.

Thus, assuming the truth of plaintiff's allegation that his outgoing mail was read, no violation of a constitutional right is shown. Here there is no allegation of censorship.

■ It should be noted, however, as shown by affidavits attached to defendant's memorandum of law in support of his motion for summary judgment, that regulations in effect at the State Correctional Institution at Graterford regard-

ing mail privileges exceed constitutional requirements. The affidavits of Stewart Werner, Commissioner of the Bureau of Corrections for the Commonwealth, and Robert Wolfe, Deputy Superintendent of the State Correctional Institution at Graterford, and attached exhibits, establish that since September 1, 1972, regulations are in effect which: (1) prohibit the reading, censoring or reproduction of any outgoing inmate mail; and (2) specifically allow inmates to seal outgoing mail to the courts, public officials and lawyers. Conduct contrary to such regulations by any employee, while wrongful, does not give rise to a cause of action under the Civil Rights Act. Accordingly, the conclusion is that defendant, there being no genuine issue of any material fact, is entitled to a judgment as a matter of law.