John Tyrone MARTIN,
Plaintiff-Appellant,

v.

Louie L. WAINWRIGHT, etc., et al.,
Defendants-Appellees.

John Tyrone MARTIN,
Plaintiff-Appellant,

v.

O. J. KELLER, etc., et al.,
Defendants-Appellees.

Nos. 74–4108 and 75–2431.

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1976.

Thomas G. Pelham (Court-appointed), Kenneth R. Hart, Tallahassee, Fla., for plaintiff-appellant.

Raymond W. Gearey, Asst. Atty. Gen., Civ. Div., Robert L. Shevin, Atty. Gen., Donna H. Stinson, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants-appellees.

Before GOLDBERG and AINSWORTH, Circuit Judges, and NICHOLS, Associate Judge.*

GOLDBERG, Circuit Judge:

The plaintiff, John Tyrone Martin, filed the two actions which are the subject of this appeal under the Civil Rights Act, 42 U.S.C. § 1983. In No. 74–4108, Martin, an inmate in the Florida State Prison at Starke, Florida, describes in somewhat confused fashion a number of incidents in which prison officials allegedly interfered with plaintiff's outgoing legal correspondence. Naming as defendants various individuals entrusted with the operations of the Starke institution, Martin prays for an injunction, de-

* Of the U. S. Court of Claims, sitting by designation.

claratory judgment, and damages. The district court, solely on the basis of the complaint, granted defendant's motion to dismiss for failure to state a claim upon which relief may be granted.

In No. 75–2431, Martin claims in less than lucid fashion that the defendant prison officials interfered with the mailing of a "petition for order to show cause and temporary restraining order" intended as a part of the litigation in No. 74–4108. He seeks declaratory and injunctive relief. In the district court, defendant introduced a certified copy of the legal petition in question showing the date on which the petition was filed. On the basis of the pleadings, briefs, and the certified copy, the district court granted defendant's motion for summary judgment. For the reasons stated below, we reverse the district court's action in 74–4108 and affirm the judgment in No. 75–2431.

### No. 74–4108

This circuit has held that unreasonable interference with a prisoner's outgoing legal correspondence, particularly when it limits his access to the courts, creates a cause of action cognizable under § 1983. In *Barlow v. Amiss,* 5 Cir. 1973, 477 F.2d 896, we said:

> While the control of prison mail is a matter of internal prison administration with which the federal courts are loath to interfere, *O'Brien v. Blackwell,* 5 Cir. 1970, 421 F.2d 844; *Brown v. Wainwright,* 5 Cir. 1969, 419 F.2d 1308, the denial of free and unfettered communication between inmates and

courts and attorneys may constitute a denial of federal constitutional rights, see *Frye v. Henderson,* 5 Cir. 1973, 474 F.2d 1263; cf. *Cruz v. Hauck,* 5 Cir. 1973, 475 F.2d 475.

*See also Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974).

The question here is whether plaintiff's allegations set forth an actionable lawsuit under these cases. Although Martin's pleadings are confusing and somewhat sketchy,[1] we are mindful of the special standards applicable to prisoner claims. It is now well established that the district court must be "sensitive to the problems of the *pro se* plaintiff in civil rights actions and not be too quick to dismiss for failure to state a technical cause of action." *Gamble v. Estelle,* 5 Cir. 1975, 516 F.2d 937, 940. In *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Supreme Court held that a prisoner's *pro se* civil rights complaint, seeking damages for physical injuries resulting from disciplinary confinement, should not have been dismissed without affording plaintiff an opportunity to present evidence on his claims. The Court said:

> Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which

---

1. The following summarizes appellant's allegations:

    (1) defendant M. J. Sapp, a prison officer and notary public, refused to mail 22 of 40 affidavits submitted by appellant for mailing, "solely on the basis of reading the intended destination on the envelopes" (the alleged reason being that appellant presently has two cases pending against Prison Classifications Officer J. A. Sapp, who he believes is related to defendant M. J. Sapp); (2) certain civil rights forms which he requested from the clerk of the district court at Jacksonville have not been received; (3) acknowledgment

has not been received for "about" 24 affidavits which he sent to be filed in 12 prison reform suits presently pending in the district courts; (4) a sealed envelope containing a petition to the Florida Supreme Court was returned to him unmailed on grounds that it had been sealed; and (5) the prison authorities make photostatic copies of all prisoner legal materials going to and coming from the courts, attorneys, and the Justice Department, place these copies in the prisoners' records, and send copies to the parole board, labeling such prisoners "troublemakers."

we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [citations omitted].

Reviewing the pleadings, we conclude that plaintiff has stated a cause of action for interference with his outgoing legal mail and access to the courts.

Consequently, without in the slightest intimating any view as to the merits of the allegations raised in Martin's complaint, we vacate the judgment below and remand this cause to the district court for such further fact development, either through a full-fledged evidentiary hearing or utilization of the wide variety of available discovery techniques, which the district judge shall in his discretion prescribe. *See Holland v. Connors,* 5 Cir. 1974, 491 F.2d 539; *Barlow v. Amiss,* 5 Cir. 1973, 477 F.2d 896.

### No. 75–2431

■ Plaintiff argues that his "petition for order to show cause and temporary restraining order" was received by the district court only in February, 1975. He infers that the petition was illegally delayed from the fact that he mailed it in the same envelope with the complaint in No. 74–4108. The district court had received the complaint on July 30, 1974, and had adjudicated it by an order on September 5, 1975, five months before the February date on which Martin relies.

Our examination of the certified copy reveals that, contrary to plaintiff's contention, the time stamp on the petition shows that the district court clerk received the petition on July 30, 1974, eight minutes after receipt of the No. 74–4108 complaint. This fact is consistent with defendants' statement that no one interfered with plaintiff's mail, and that, as plaintiff intended, both the petition and complaint arrived at the clerk's office in a single envelope. Moreover, the district court clerk forwarded the entire record in No. 74–4108 to the clerk of the Court of Appeals for the Fifth Circuit on December 9, 1974. The record sent includes the "petition for order to show cause and temporary restraining order." Thus, it is clear that the district court received the petition well before February, 1975, as claimed by plaintiff, and that the petition was a part of the record in No. 74–4108. Because we find overwhelming support for the district court's determination that there was no genuine issue as to any material fact and that defendants were entitled to judgment as a matter of law, we affirm the summary judgment in No. 75–2431.

Affirmed in part and remanded and reversed in part.