Randolph PICKETT, a/k/a Charlie
Walker, Plaintiff,

v.

Peter M. SCHAEFER, Defendant.

No. 78 Civ. 1365.

United States District Court,
S. D. New York.

Aug. 11, 1980.

Randolph Pickett, pro se.

Allen G. Schwartz, Corp. Counsel, New York City, Thomas R. Nathan, Mitchell Posilkin, New York City, of counsel, for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff, Randolph Pickett, filed this action under 42 U.S.C. § 1983 in 1978 when he was an inmate in the Bronx County House of Detention. Pickett alleges that the defendant, the warden in command of the Bronx County House of Detention for Men, wilfully delayed the mailing of his legal correspondence to the Federal District Court in the Southern District of New York in his action entitled *Pickett v. Adolph*, 78 Civ. 196 (CHT). Plaintiff seeks damages for alleged mental and physical distress caused by the nine and one–half day delay.[1]

---

1. Plaintiff's second cause of action alleged that he was not credited with jail time for the period of 180 days he was incarcerated in the State of Florida awaiting extradition to New York. Uncontradicted documentary evidence, stated in affidavits, shows that petitioner has been credited with an additional 180 days for the time spent in Florida, resulting in a total of 606 days' credit. Because unequivocal documentary evidence refutes the allegations upon which the claim is based, judgment is entered in favor of defendant on plaintiff's second cause of action.

Plaintiff has also filed a motion for a preliminary injunction, which the court has denied as moot. The searches challenged by plaintiff in this motion were subsequently discontinued.

Finally, plaintiff has recently moved for an immediate trial relating to conditions at the Rikers Island facility. Plaintiff has failed to state a claim against the defendant in this action, Warden of the Bronx County House of Detention.

In response to this action, defendant moved for summary judgment pursuant to Rule 56 of Fed.R.Civ.P. on April 23, 1980.

■ While the denial of free and unfettered communication between inmates and courts may constitute a denial or access cognizable under Section 1983, *Martin v. Wainwright*, 526 F.2d 938 (5th Cir. 1976), the question here is whether a nine and one–half day delay constitutes an actual denial of access to the courts. Federal Courts are reluctant to interfere with the administration of state prisons, absent some indication that the delay resulted in an actual denial of access to the courts. *Martin v. Wainwright, supra; Perry v. Jones*, 437 F.2d 759 (5th Cir. 1971), *cert. denied*, 404 U.S. 914, 92 S.Ct. 235, 30 L.Ed.2d 189 (1971).

■ It is well established that a single delay or interference with a prisoner's mail service does not constitute a denial of an individual's right to access to the courts and that such delay does not raise a question of constitutional proportion. *Morgan v. Montayne*, 516 F.2d 136 (2d Cir. 1975), *cert. denied*, 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d 743 (1976); *Collins v. Wilson*, 381 F.2d 731 (9th Cir. 1967) (a five–day delay in mailing did not produce legally cognizable damages); *Lingo v. Boone*, 402 F.Supp. 768 (N.D.Cal.1975) (a one–week delay in duplicating prisoner's legal correspondence was not an unreasonable denial of access to the courts.) Indeed, the Constitution requires no more than reasonable access to the courts. *Lingo v. Boone, supra.*

■ The record of the district court indicates that petitioner has had reasonable access to the federal courts. Pickett has maintained considerable legal correspon-

dence in *Pickett v. Adolph* and other actions. Additionally, the alleged delay in mailing plaintiff's legal correspondence has had no prejudicial effect whatsoever on the disposition of the then existing action.[2]

The Constitution does not protect against every inconvenience of prison life. *Perry v. Jones, supra; Owen v. Shuler*, 466 F.Supp. 5 (N.D.Ind.1977), *aff'd* 594 F.2d 867 (7 Cir., 1979). A single nine and one–half day delay, coupled with the fact that such delay had no prejudicial effect upon the outcome of the then existing action, is not an unreasonable denial of access to the courts. *Collins v. Wilson, supra; Lingo v. Boone, supra.* Without explicit proof of damages, an inadvertent violation of a prisoner's mail rights does not state a claim cognizable under 42 U.S.C. § 1983). *Morgan v. Montayne, supra; Cofone v. Manson*, 409 F.Supp. 1033 (D.Conn.1976); *Collins v. Wilson, supra; Owen v. Shuler, supra.* Petitioner has offered no such proof.

For the above reasons, the defendant's motion for summary judgment pursuant to Rule 56 Fed.R.Civ.P. is granted. Defendant has shown that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.

So ordered.

---

2. The action, *Pickett v. Adolph*, 78 Civ. 196, was dismissed four months after plaintiff's papers had been received by the court. Dismissal of the action was predicated on plaintiff's failure to state a claim pursuant to Rule 12(b)(6) Fed.R.Civ.P. and was unrelated to any delay in the receipt of plaintiff's papers.