770 F.2d 165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDDIE DAVID COX, PLAINTIFF-APPELLANT,
v.
JERRY A. O'BRIEN, WARDEN; G. A. WIGEN, ADMINISTRATIVE
ASSISTANT TO WARDEN; GARY WILSON, ADMINISTRATIVE SYSTEMS
MANAGER; HAROLD WILLIAMS, UNIT MANAGER; ROGER MILLS,
MAILROOM SUPERVISOR; AND C.P. PAYNE, CASE MANAGER,
DEFENDANTS-APPELLEES.
 NO. 84-6081
 United States Court of Appeals, Sixth Circuit.
 7/22/85
 
 1
 W.D.Tenn.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: MILBURN, Circuit Judge; EDWARDS, Senior Circuit Judge; and SILER, Chief District Judge.*
 
 
 3
 Plaintiff appeals the summary judgment for defendants in this civil rights action. Plaintiff has moved for appointment of counsel on appeal. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of plaintiff's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Plaintiff is a former inmate of the Federal Correctional Institution at Memphis, Tennessee. He filed this civil rights action, purportedly under 42 U.S.C. Sec. 1983, seeking injunctive relief and damages and alleging that defendant prison officials and employees violated his first amendment rights by interfering with his mail.[1] The district court found that plaintiff's claims for injunctive and declaratory relief were mooted by his transfer to another prison and granted summary judgment to defendants on the grounds that they were immune from damages liability. We affirm.
 
 
 5
 Prison officials and employees exercising discretionary functions are entitled to qualified immunity from damages actions. Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985). The plaintiff can overcome the defendants' qualified immunity only by showing that the constitutional rights alleged to have been violated were clearly established at the time of defendants' acts. Davis v. Scherer, ---- U.S. ----, 104 S.Ct. 3012 (1984); Harlow v. Fitzgerald, 457 U.S. 800 (1982); Spruytte v. Walters, supra; Windsor v. The Tennessean, 719 F.2d 155 (6th Cir. 1983), cert. denied, ---- U.S. ----, 105 S.Ct. 105 (1984). Although prisoners are entitled to retain those first amendment rights not inconsistent with their status as prisoners or with legitimate penological goals, Pell v. Procunier, 417 U.S. 817 (1974), interference with prisoner mail is justified if the regulations or practice in question 'further[s] an important or substantial governmental interest unrelated to the suppression of expression,' such as security, order, or rehabilitation, and the limitation of first amendment freedoms is 'no greater than is necessary or essential to the protection of the governmental interest involved.' Procunier v. Martinez, 416 U.S. 396, 413 (1974).
 
 
 6
 Plaintiff alleged four instances of interference with his mail in November and December of 1981. First, defendants rejected plaintiff's letter to an inmate in another institution because plaintiff did not have permission of the wardens of both institutions to correspond with that inmate. Plaintiff alleges that this was 'legal' correspondence because the inmate was a co-defendant in a pending lawsuit. P aintiff's second claim is that Christmas cards addressed to inmates in other institutions were rejected. The requirement of permission to correspond with inmates in other institutions does not violate the first amendment, especially in the absence of any claim that the prisoner was denied permission. Williams v. Ward, 404 F.Supp. 170 (S.D. N.Y. 1975); accord Fowler v. Graham, 478 F.Supp. 90 (D.C. S.C. 1979); Lawrence v. Davis, 401 F.Supp. 1203 (W.D. Va. 1975); see Crafton v. Rose, 369 F.Supp. 131 (E.D. Tenn. 1972). Plaintiff does not allege that he ever attempted to obtain permission to correspond with inmates in other institutions. See 28 C.F.R. Sec. 540.16. Since there was no 'clearly established' right allowing prisoners to freely correspond with inmates in other institutions, defendants are immune from damages liability for their rejection of this correspondence.
 
 
 7
 Plaintiff's third claim is that on one occasion, incoming mail was rejected because it included nude photographs. Prison authorities have some discretion to prohibit the mailing of nude photographs to prisoners in the interest of prison discipline and order. See Pepperling v. Crist, 678 F.2d 787 (9th Cir. 1982); Trapnell v. Riggsby, 622 F.2d 290 (7th Cir. 1980); Aikens v. Jenkins, 534 F.2d 751 (7th Cir. 1976). This case involves private, non-commercial photographs sent to plaintiff. The law was not clearly established in 1981 that prison officials could not exclude such photographs in the interests of prison discipline and order, and therefore defendants are entitled to immunity.
 
 
 8
 Plaintiff's fourth claim is that defendants rejected his outgoing Christmas cards affixed with gummed address labels. It is not a constitutional violation for prison officials to deny a prisoner's use of the stationery of his choice. United States ex rel. Dean v. Johnson, 381 F.Supp. 495 (E.D. Pa. 1974); see Gaito v. Ellenbogen, 425 F.2d 845 (3d Cir. 1970). Plaintiff has shown no reason why he could not send his cards without the gummed labels. Defendants are entitled to immunity from damages liability on this issue.
 
 
 9
 Plaintiff also alleges that his rights were violated by defendants' failure to give him written rejection notices in the above incidents. 28 C.F.R. Sec. 540.12 provides in part:
 
 
 10
 When correspondence is rejected because of content, the Warden shall notify the sender in writing of the rejection and the reasons for the rejection. The Warden shall also give notice that the sender may appeal the rejection. The Warden shall also notify an inmate of the rejection of any letter addressed to him, along with the reasons for the rejection and notify him of the right to appeal the rejection.
 
 
 11
 The regulation does not require written notification to a prisoner when his outgoing mail is rejected.
 
 
 12
 Plaintiff relies on Meadows v. Hopkins, 713 F.2d 206 (6th Cir. 1983), in an attempt to establish a constitutional violation in the failure to give written rejection notices. However, Meadows concerned the censorship of prison mail under 28 C.F.R. Sec. 540.13. In reviewing the regulatory scheme, the Court paraphrased Sec. 540.12 as requiring the warden to notify prisoners in writing of rejected correspondence. This did not create a constitutional right to a written notification. Since there was no clearly established constitutional right to a written rejection notification, defendants are immune from damages liability on this claim.
 
 
 13
 Plaintiff's final allegation is that defendant Williams harassed him and violated his constitutional rights. This claim is based upon the above incidents of alleged interference with plaintiff's mail. Since none of these incidents involved a constitutional violation, Williams' conduct cannot be said to give rise to a separate constitutional cause of action.
 
 
 14
 Although qualified immunity does not bar injunctive relief, Spruytte v. Walters, supra, plaintiff's claims for injunctive and declaratory relief are moot because he was transferred to another federal institution. See Goar v. Civiletti, 688 F.2d 27 (6th Cir. 1982).
 
 
 15
 Accordingly, it is ORDERED that plaintiff's motion for appointment of counsel is denied and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., U.S. District Judge for the Eastern and Western Districts of Kentucky, sitting by designation
 
 
 [1]
 Since defendants are federal employees, we construe the action as brought directly under the first amendment. See Yiamouyiannis v. Chemical Abstracts Service, 521 F.2d 1392 (6th Cir. 1975), cert. denied, 439 U.S. 983 (1978)