■ In the Matter of REGINA LOVE et al., Appellants, v ELAINE LORD, as Superintendent of Bedford Hills Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to deliver the petitioners' mail in a timely manner and to comply with New York State Department of Correctional Services directives regarding the handling of privileged correspondence and delivery of privileged and nonprivileged correspondence, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Walsh, J.), entered May 26, 1989, which, upon granting the respondents' motion to dismiss the petition for failure to state a cause of action, dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The petitioners claim that by delivering their general and privileged mail late and opening their correspondence concerning legal matters outside their presence, the respondents

have violated their constitutionally protected mail rights. Such allegations, the petitioners assert, were sufficient to state a cause of action under 42 USC § 1983. We disagree.

It is settled that "[a] prisoner has a constitutional right of access to the courts for the purpose of presenting his claims, a right that prison officials cannot unreasonably obstruct and that states have affirmative obligations to assure" *(Washington v James,* 782 F2d 1134, 1138). "As a necessary corollary to this right, the states must permit the prisoner meaningful access to the postal system as this is typically the only manner in which a prisoner may communicate with the court" *(Gramegna v Johnson,* 846 F2d 675, 677). However, "systemwide injunctive relief may not be predicated on individual misconduct that 'is not part of a pattern of persistent and deliberate official policy' " *(Ruiz v Estelle,* 679 F2d 1115, 1154, citing *Campbell v McGruder,* 580 F2d 521, 526). In order to state a cause of action under 42 USC § 1983 for interference with an inmate's mail rights, therefore, more than "mere negligence" must be alleged *(Guffey v Trago,* 572 F Supp 782, 784; *see, Valiant-Bey v Morris,* 829 F2d 1441; *Averhart v Shuler,* 652 F Supp 1504, 1509). Further, "[w]here no damage is shown from interference with a prisoner's mailing privileges, dismissal or summary judgment is properly granted" *(Gilliam v Quinlan,* 608 F Supp 823, 837).

Here, although the petitioners alleged several instances where their mail was unjustifiably delayed and privileged mail improperly opened absent their presence, the petition is devoid of allegations that such interference was the result of more than mere negligence. In addition, the petitioners have failed to allege any injury or prejudice from the alleged interferences. Accordingly, the court properly dismissed the petition for failure to state a cause of action *(see, Richardson v McDonnell,* 841 F2d 120; *Averhart v Shuler, supra; Guffey v Trago, supra; Pickett v Schaefer,* 503 F Supp 27; *Stinson v Sheriff's Dept.,* 499 F Supp 259). Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.