Edward CHINCHELLO, et al.,
Plaintiffs,

v.

Charles FENTON, Defendant.

No. 3:CV–90–1266.

United States District Court,
M.D. Pennsylvania.

May 15, 1991.

---

Clifford A. Rieders, Rieders, Travis, Mussina, Humphrey & Harris, Williamsport, Pa., for plaintiffs.

Robert J. Muolo, Wiest, Wiest, Saylor & Muolo, Sunbury, Pa., for defendant.

MEMORANDUM

McCLURE, District Judge.

I. BACKGROUND

The plaintiffs, Edward Chinchello, Douglas Schoppert and the Lewisburg Prison Project, Inc. ("the Project"), filed their complaint in the United States District Court for the Middle District of Pennsylvania on January 8, 1985. Chinchello is a former inmate at the Federal Correctional Institution at El Reno, Oklahoma ("FCI–El Reno"), who currently resides in Virginia. Schoppert is an attorney, who during the relevant time period was a staff attorney for the Project. The Project is a non-profit corporation organized under the laws of Pennsylvania whose purpose is to provide legal assistance to prisoners incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania ("USP–Lewisburg"), who have grievances concerning prison conditions or parole.

The relevant facts as alleged in the complaint are as follows: In March of 1983 Chinchello was transferred from USP–Lewisburg to FCI–El Reno, approximately one week prior to a food strike at FCI–El Reno. After his arrival at FCI–El Reno, Chinchello wrote a letter dated March 26, 1983, addressed to Schoppert, who apparently had represented Chinchello in various legal matters while he was an inmate at USP–Lewisburg. According to plaintiffs, the letter outlined a number of Chinchello's concerns about various legal matters and requested Schoppert's assistance in these matters. The letter is part of the court records, and it appears from the court's review that the main thrust of the letter is a request from Chinchello for Schoppert to provide certain information to Mike Wallace, of CBS and 60 Minutes, concerning inmate grievances over the food and other conditions of confinement at FCI–El Reno. Although Chinchello has given different versions of the mailing of the letter, the plaintiffs allege that "special mail," i.e., correspondence to attorneys, was used in mailing the letter. The day after the letter was mailed, Chinchello was one of a number of inmates who were temporarily placed in administrative detention in connection with the food strike.

Defendant Charles Fenton arranged a meeting with the Campaign for Human Development ("CHD"), an organization apparently affiliated with the Catholic church, for the purpose of dissuading the CHD from awarding a grant of money to the Project.[1] At this meeting, which took place on April 2, 1983 at a Catholic church in Lewisburg, Pennsylvania, Fenton produced a copy of the letter dated March 26, 1983 which Chinchello had written to Schoppert. Schoppert did not receive the letter from Chinchello until several days later, on April 8. Prior to this meeting, Fenton had written several letters to the Catholic diocese in Harrisburg, Pennsylvania, which letters were extremely critical of the Project.

The essence of the plaintiffs' claim is that defendant Charles Fenton allegedly conspired with various federal officials to obtain, open and display plaintiff Chinchello's privileged legal correspondence, thereby violating plaintiffs' First Amendment right to free and unfettered speech, access to the courts and freedom of association. They also claim that the same act denied them a liberty interest without due process in violation of the Fifth Amendment.[2] Also, apparently based on statements made by Fenton in connection with his efforts to convince the CHD to cut off its funding of the Project, the Project has asserted a slander and libel claim against Fenton.[3]

---

1. Fenton at that time was employed in the private sector, but he had worked for the Bureau of Prisons for more than thirty years, and had been the warden at USP–Lewisburg.

2. Plaintiffs' brief in opposition to Fenton's motion to dismiss erroneously states that plaintiffs have sued Fenton for conspiring to violate their First, Fifth, Sixth and Eighth Amendment Rights. The amended complaint asserts only First and Fifth Amendment claims against Fenton.

3. Named as defendants in the original complaint were Fenton, Norman Carlson, the Director of the Bureau of Prisons, John Doe, who was alleged to be a correctional officer at FCI–El Reno and Officer Scott, the correctional officer who actually placed Chinchello in administrative detention. The Court construed the orig-

On December 31, 1990, Fenton filed a motion to dismiss the amended complaint under Fed.R.Civ.P. 12(b) for lack of jurisdiction, failure to state a claim and improper venue.

## II. DISCUSSION

■ Fenton argues that this Court lacks jurisdiction in the instant matter because as a private citizen he cannot be sued for violating the plaintiffs' constitutional rights. However, a private individual who acts in concert with federal officials may be held liable for violating a party's constitutional rights. *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328 (9th Cir. 1987); *Reuber v. United States*, 750 F.2d 1039 (D.C.Cir.1984); *Zerilli v. Evening News Association*, 628 F.2d 217 (D.C.Cir. 1980); *Yiamouyiannis v. Chemical Abstracts Service*, 521 F.2d 1392 (6th Cir. 1975).

■ Fenton also argues that the plaintiffs have failed to state a claim upon which relief may be granted. However, plaintiffs have stated a valid First Amendment claim. In *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), the Supreme Court stated:

Communications by letter is not accomplished by the act of writing words on paper. Rather, it is effective only when the letter is read by the addressee. Both parties to the correspondence have an interest in securing that result, and censorship of the communication between them necessarily impinges on the interest of each.

*Id.* at 408, 94 S.Ct. at 1809, 40 L.Ed.2d at 237. The court went on to hold that censorship of prisoners' mail was justified only if the regulation or practice furthered an important or substantial governmental interest unrelated to the suppression of expression, and the limitation of First Amendment freedoms was no greater than was necessary or essential to the protection of the governmental interest involved.[4] See also *Taylor v. Sterrett*, 532 F.2d 462 (5th Cir.1976).

The plaintiffs also allege that Fenton violated their First Amendment right to meaningful access to the courts. While it is readily apparent that the intentional interception and reading of an inmate's outgoing legal mail violates that inmate's First Amendment right to meaningful access to the courts, see *Washington v. James*, 782 F.2d 1134, 1138–39 (2d Cir.1986) (as a corollary to prisoner's right of access to the courts, he has a right to correspond with his attorney), the Project and Schoppert

---

inal complaint as naming the defendants only in their official capacities.

By Order dated December 18, 1985, the United States District Court for the Middle District of Pennsylvania permitted the plaintiffs to file their amended complaint, joining additional defendants and seeking relief against all defendants in both their official and individual capacities. The additional defendants named in the amended complaint were the United States, Gene Welsh, T.C. Martin, David Wisehart and R. Wingfield. Martin was the warden of the FCI–El Reno and the other individually named defendants were all correctional officers at FCI–El Reno during the relevant time period. By Order dated December 16, 1986, the Court entered summary judgment in favor of defendant Carlson, at the direction of the United States Court of Appeals for the Third Circuit 805 F.2d 126. In addition, by Order dated September 15, 1987, the Court entered summary judgment in favor of the United States, construed the remainder of the complaint as stating a *Bivens* cause of action against the individually named defendants, and then transferred the action to the United States District Court for the Western District of Oklahoma. In transferring the case, the Court specifically declined to rule on the defendants' arguments concerning the insufficiency of service of process, despite the Magistrate's recommendation that the case should be dismissed on *those grounds.*

By Order dated March 2, 1990, the Honorable Lee R. West, United States District Judge for the Western District of Oklahoma, dismissed the complaint as to all of the defendants except Fenton. Noting that the only remaining defendant, Fenton, was a resident of Pennsylvania and that his actions took place in Pennsylvania, Judge West subsequently transferred the case back to the United States District Court for the Middle District of Pennsylvania.

4. The essence of censorship is the "interference with ... intended communication." *Taylor v. Sterrett*, 532 F.2d 462, 469 (5th Cir.1976), citing *Procunier v. Martinez*, 416 U.S. at 408–409, 94 S.Ct. at 1809, 40 L.Ed.2d at 237. The practice of censorship may equally involve either direct or indirect interference. *Id.*

lack standing to assert such a claim.[5] Accordingly, this claim may only be asserted by Chinchello.

■ The court in *Procunier* also held that the interest of prisoners and their correspondents in uncensored communication is a liberty interest and, as such, it is protected from arbitrary governmental invasion and requires minimum procedural safeguards. Therefore, the plaintiffs have alleged a valid claim concerning the deprivation of a liberty interest without due process in violation of the Fifth Amendment.

Finally, Fenton maintains that this action should be dismissed for improper venue. It should be noted that due in large part to the arguments presented by Fenton this case was transferred to this district from the Western District of Oklahoma. The Court is persuaded by these arguments and finds that venue is proper in this district.

**5.** It should be noted that a single delay or interference with a prisoner's mail service does not constitute a denial of meaningful access to the courts. *Pickett v. Schaefer,* 503 F.Supp. 27, 28 (S.D.N.Y.1980), citing *Morgan v. Montayne,* 516 F.2d 1367 (2d Cir.1975), cert. denied, 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d 743 (1976); *Collins v. Wilson,* 381 F.2d 731 (9th Cir.1967) (a five-day delay in mailing did not produce legally cognizable damages); *Lingo v. Boone,* 402 F.Supp. 768 (N.D.Cal.1975) (a one-week delay in duplicating prisoner's legal correspondence was not an unreasonable denial of access to the courts).