[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10789
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-00812-WHA-WC


KEITH BRIAN CRUITT,

Plaintiff-Appellant,

versus

STATE OF ALABAMA,
GOVERNOR OF ALABAMA,
ATTORNEY GENERAL, STATE OF ALABAMA,
COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS,
WARDEN, STATON CORRECTIONAL FACILITY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(April 7, 2016)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Keith Cruitt, an Alabama prisoner proceeding *pro se*, appeals the District Court's dismissal without prejudice of his self-styled "11th Hour Petition for a Writ of Habeas Corpus" ("pleading") after finding that Cruitt's claims were more properly characterized as claims of denial of access to the courts that should be brought under 42 U.S.C. § 1983.  On appeal, Cruitt argues that the seizure of his legal and evidentiary documents by state officials was a violation of clearly established constitutional rights; therefore, the District Court was authorized under the All Writs Act and 28 U.S.C. § 2254 to "protect its jurisdiction" from the actions taken by the Alabama Department of Corrections to hinder his attempts to file a federal complaint.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, . . . as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 1304, 158 L. Ed. 2d 32 (2004).  Challenges to the validity of confinement or to its duration are within the province of habeas corpus, while requests for relief relating to the circumstances of confinement may be presented in a § 1983 action.  *Id.*  A claim alleging a denial of

2

access to courts is cognizable under § 1983. *Martin v. Wainwright*, 526 F.2d 938, 939 (5th Cir. 1976).

Federal courts have "an obligation to look behind the label of a [pleading] filed by a *pro se* inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework." *See Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (quotation marks and citation omitted). The Supreme Court has noted that the purpose for looking beyond the label a *pro se* litigant attaches to a [pleading] is "to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* [pleading]'s claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82, 124 S. Ct. 786, 791-92, 157 L. Ed. 2d 778 (2003) (citations omitted). We liberally construe *pro se* briefs. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Upon review of the record and the parties' briefs, we vacate and remand for further proceedings.

As an initial matter, on appeal, Cruitt persists in asserting his claims should proceed pursuant to the All Writs Act and § 2254; however, we construe a *pro se* litigant's briefs liberally. *See Timson*, 518 F.3d at 874. We must look beyond the label a *pro se* litigant attached to his [pleading], and while Cruitt insists that his claims are properly brought as a habeas action, he discusses the right of state

3

prisoners to allege violations of constitutional rights in federal courts, and asserts that the seizure of his documents was "a clear violation of federal rights." Accordingly, we construe this as an argument under § 1983, rather than under § 2254.

The district court erred in dismissing Cruitt's pleading as a § 2254 petition. As the court found, the pleading appeared to raise an access-to-the-courts claim, which is a cognizable claim under § 1983, and he did not challenge the facts of his underlying conviction, which is required in a habeas petition. *See Muhammad*, 540 U.S. at 750, 124 S. Ct. at 1304. Therefore, the district court should have addressed the pleading as a complaint alleging a § 1983 claim. *See Gooden*, 627 F.3d at 847. Moreover, although the court dismissed the pleading without prejudice, it potentially precluded Cruitt from seeking relief on some of his § 1983 claims based on the statute of limitations. *See* Ala. Code § 6-2-38(l); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). Accordingly, we vacate and remand for further proceedings consistent with construing Cruitt's pleadings as a § 1983 action.

**VACATED and REMANDED.**